## HOMAN *against* LISWELL.

ON error from the C. P. of the county of *Schenectady.*

*A. C. Page*, for the plaintiff in error, cited 2 *Cowen*, 518, 605 and 612, *note ;* 1 *Serg. and Rawle*, 411, *per Tilghman, C. J. ;* 1 *Com. on Cont.* 8, 9, 10, 58, 59 ; *Statute of* 1824, *sess.* 47, *ch.* 238, *s.* 17, *p.* 289.

*M. T. Reynolds*, contra.

The facts are stated in the opinion of the court, which was delivered by

An action will not lie against a constable for not serving an original execution, after it has been renewed by the plaintiff.

If it is renewed on the constable's responsibility, and on good consideration, the action, if any will lie, should be assumpsit, not case for neglect in omitting to serve or return it.

An execution renewed, ceases to be an original.

If an execution be renewed on the constable's responsibility, before it has run out, such engagement of the constable, is *nudum pactum*, and void.

Where computation of time in a statute is to be from the date, or from an act done, the day of the date, or act, is exclusive.

Where an execution was dated the 7th of *March*, and returnable within 30 days from the date ; *held* that it would not expire till after the 6th of *April ;* and that the constable holding it, had the whole of that day, in which to execute and return it.

SUTHERLAND, J.  *Liswell* sued *Homan* before a justice, and declared against him in case,  for not returning an execution, which had been delivered to *Homan,* as a constable, in  favor of *Liswell* against *Dudley* and *Tremple.  Liswell* recovered, before the justice, the amount of the execution.    *Homan* appealed to the common pleas, where *Liswell* again recovers, and *Homan* brings his writ of error.

The execution bore date  the 7*th* of *March,* 1825 ;  and on  the 6*th* of  *April*  following, it was  renewed by direction, and with the assent of *Liswell's* agent, with a full knowledge of the time when it issued, and  of all the circumstances of the case.

This was a perfect  defence to  the action.   No action can be sustained for not returning an execution which the plaintiff himself has directed and permitted to be renewed. After it was renewed, no return could be made upon it, as an original execution ; and after the plaintiff has assented to an act, which rendered a return impossible, he cannot have an action for not making such return. But it appeared that the agent of the plaintiff consented to the renewal, upon the express condition, that *Homan,* the constable, would  be responsible.   The language used, was, that *it was renewed upon his responsibility,* to which *Homan* assented.    The action should have been assumpsit upon this promise, if it was valid.    Clearly no other action could be maintained.

But we are also of opinion, that there was no legal consideration for the promise.   The execution was returnable in  thirty days from the date, pursuant to the act of 1824, (*sess.* 47, *chap.* 238, *s.* 14, *p.* 287, 8.)    According to the principles of construction established by this court, as applicable both to statutes and notices, the constable had the whole of the 6*th* of *April* to serve and return the execution.   In *Ex parte Dean,*  (2  *Cowen,* 605,) it was held, that where the computation of time in a statute, is to be *from an act done,* the first day  should  be excluded. That was on a statute prescribing  the time  within which an appeal should be brought from a justice's court.    It was held that  the day  on  which  the judgment  was rendered

should be excluded.  The same principle was adopted in relation to the redemption act. (2 *Cowen*, 518.)  If the execution, then, had not run out, and the constable had not become fixed, his promise was without consideration.  It was a naked promise, by parol, to pay the debt of a third person.  There is nothing in the case to show that the execution might not have been served.  The judgment must be reversed.