## JAMES BULL vs. AUGUSTUS CLARKE.

An execution, that is made returnable into the office of the clerk of the court of common pleas in three months after its date, is returnable at any reasonable and convenient time on the return day ; and evidence of the usual hours during which the clerk's office is open for business is *prima facie* evidence of what is such reasonable and convenient time.

A return of *non est inventus*, fairly made on such execution, at any reasonable and convenient time during the return day, will charge bail for the avoidance of their principal.

A writ of *scire facias* against bail need not allege that the bail bond was executed by the principal. By the Rev. Sts. c. 91, § 6, it is sufficient to allege, substantially, that the defendants became bail.

It is not necessary, in order to charge bail on a writ of *scire facias*, that the condition of the bail bond should state the amount of damages demanded by the plaintiff in the original process.

SCIRE FACIAS against bail. The case came into this court on exceptions alleged by the defendant to the decisions of *Cummins*, J. before whom the trial was had in the court of common pleas.

SHAW, C. J. On a *scire facias* against bail, several excep-
tions were taken by the defendant to his liability.

1. That the execution, with a return of *non est inventus* in
order to charge the bail, was returned too soon. The execu-
tion issued from the court of common pleas, on the 27th of No-
vember, and by force of the statute (Rev Sts. *c.* 97, § 9,) was
returnable in three months from the date, there being no regular
term of that court within that time. By the term three months,
three calendar months are intended, and the day of the date
being excluded, the corresponding day of the third month from
the date, say 27th of February, was the return day. *Bigelow*
v. *Willson,* 1 Pick. 485. *Homan* v. *Liswell,* 6 Cow. 659.
But supposing the day on which the execution was returnable
was the 27th of February, the defendant contends, that the ex-
ecution could not be returned till the last hour of that day, and
that the defendant ought to have been permitted to prove by
parol evidence, that the execution was in fact returned into the
clerk's office, before sunset, on the return day. We are of
opinion that the court of common pleas decided correctly in
rejecting this evidence, and that if admitted, the fact would have
been immaterial and would have constituted no defence for the
bail. Without relying upon the well known maxim, that the
law recognizes no fraction of a day, we think that when a writ
of execution is not returnable to a court, but to the clerk's
office, it is returnable at any reasonable and convenient time, on
the return day ; and that evidence of the usual hours, during
which the office is open for business, would be *prima facie*
evidence of what is reasonable and convenient. It was urged
in argument, in analogy to the payment of rent, and some other
cases, that the officer has till the last hour of the day to return
his execution. It may well be admitted, indeed it results from
the rule as stated, that the officer would not be in default, if he
make his return at any time during business hours ; and of course
at the last of those hours. But does not follow that a return
at an earlier hour would not be good. These rules are adapted
to general and practical use. An officer ought not to be bound
to a precise minute ; having various returns to make, on one

and the same day, either to the same office or to different offices, *prima facie* he does his duty by making them within business hours. If a certain hour is fixed, as in case of writs returnable before justices of the peace, it prescribes a different rule of duty.

We have said that such a return would be *prima facie* good to fix the bail. If the bail should undertake to show that any trick or deception had been practised to mislead or entrap the bail, as if the officer or creditor should inform the principal or bail, that the execution would not be returned before a particular hour on the return day ; if, by any indirect means, the bail were prevented from surrendering his principal, when it was his intention and within his power to do so ; it would present a very different question, on which we give no opinion. *Prescott* v. *Wright*, 6 Mass. 20.

2. Another exception was, that the writ of *scire facias* does not allege that the bond was executed by the principal ; and the case of *Bean* v. *Parker*, 17 Mass. 591, is relied upon. In that case, it was a question upon the sufficiency of the bond, where it appeared upon plea that it was not in fact signed by the principal. Here it appears by the bond as set out on oyer, that it was in fact signed by the principal ; and the only question is, whether it should have been averred in the writ. Supposing this, if defective, could be taken advantage of in any other way than by special demurrer, which is doubtful, we think it is answered by the Rev. Sts. *c.* 91, § 6, which provide, that on a bail bond, the plaintiff may take out a writ of *scire facias* in his own name, as on a recognizance, " in which it shall be sufficient to allege, substantially, that the defendants became bail, without setting forth the bail bond." Here it is alleged, in form and substance, that the defendant was bail and surety for the principal, upon the original process.

3. The last objection is, that in describing the process on which the defendant became bail, the bond did not state the amount claimed by the plaintiff. We are of opinion that it is not necessary to state in the bond the amount demanded in the writ. The bond refers definitely to the writ, and it is only

necessary to identify the process, and then the process, which must be returned and entered of record, before the bond becomes available to any practicable purpose, limits the amount of the demand. In *Owen* v. *Nail*, 6 T. R. 702, where bail was taken in an action of trespass on the case upon promises, but described as an action of trespass, it was held sufficient. If there had been two actions at the same term, one in case, and one in trespass, then no doubt the decision would have been otherwise ; because it would not have identified the particular case, in which the avoidance had occurred. So, in the case of *Colburn* v. *Downes*, 10 Mass. 20, although the christian names of both plaintiffs were misstated, yet as there was no other process to which it could apply, it was held to apply to the one in which judgment had been rendered for the plaintiffs. See also *Palmer* v. *M' Ginnis*, Hardin, 506.

*Judgment of the court of common pleas affirmed*

*Huntington*, for the defendant.

*Forbes*, for the plaintiff.