GEORGE H. RENAUD and others, Appellants, *v.* MICHAEL O'BRIEN and others, Respondents.

The sixty days allowed by statute to the sheriff to execute and return the process of execution is for the benefit of the sheriff, to prevent compulsory proceedings, &c., against him until he has had a reasonable time to execute such process.

In a proper case, a creditor's bill can be maintained, where the action is commenced after the return, in good faith, of *nulla bona*, though it be within the sixty days allowed by law as the possible life of an execution.

APPEAL from the Supreme Court, seventh district. This action is in the nature of a creditor's bill. The plaintiffs allege, in the complaint, the recovery of several judgments against Michael O'Brien, the issuing of execution and its return unsatisfied. An assignment by the debtor to one of the other defendants, purporting to be for the benefit of creditors, and also a confession of judgment to the same party prior to the assignment, to whom nothing was actually due, and a sale of certain personal property of the debtor under execution issued thereon, the continued possession of the property by the debtor, and the intent to hinder, delay and defraud creditors, are also alleged in the complaint, and relief is demanded, that the assignment be declared fraudulent and void, a receiver appointed, and that the plaintiffs may be paid their judgments.

These allegations, except the recovery of the judgments, and the issuing and return of execution, are all denied by the answer. It is alleged, also, that the executions were each returned in one and two days after they were issued, respectively.

At the trial it appeared that the executions were issued upon the 17th and 18th days of November, 1859, and returned by the sheriff unsatisfied on the 19th day of the same month, and that the action was commenced on the same day. The judge thereupon held, that the action was brought within the sixty days allowed by law for the return of the executions; that the plaintiffs were not entitled to introduce any

proofs of the alleged frauds, and dismissed the complaint, with costs. Upon appeal, the judgment was affirmed by the General Term, and the plaintiffs' now appeal to this court. The case was submitted on printed briefs.

*J. C. Cochrane*, for the appellants.

*J. L. Angle*, for the respondents.

LEONARD, J. The case presents but a single question, under the decision of the judge at Special Term. The Code, section 290, provides, that an execution is returnable "within sixty days after its receipt by the officer," differing somewhat from the former provision of the statute, as to the time for the return of an execution, which required it to be sixty days from the receipt thereof by the sheriff. The Revised Statutes provide that, whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant to compel a discovery of any property or thing in action belonging to the defendant, &c.

The question appears to be free from a doubt, in a case without fraud or collusion in procuring the return. The time allowed for the return of an execution is for the benefit of the sheriff, to prevent an action or compulsory proceedings against him before he has had a reasonable time to execute the process. If the sheriff has made an honest return that he can find no property of the defendant in his county, there can be no reason for staying the proceedings of a creditor in resorting to a court of equity for relief against the fraudulent disposition of property by a judgment debtor.

The whole subject has been considered, and, I think, fully and correctly disposed of by this court, in the case of *Forbes* v. *Waller* (25 N. Y., 430).

It appeared on the trial in that case, that the execution was issued on the 2d of June, 1856, and returned on the 9th of the same month. All the judges of this court but one con-

cnrred in the opinion that an action in the nature of a creditor's bill is now maintainable before the expiration of sixty days from the delivery of the execution to the sheriff (p. 442).

The court below erred in refusing to receive the evidence of fraud and in dismissing the complaint. The judgment should be reversed, with costs, and a new trial be ordered.

HUNT, J.    The action in this case was commenced by three several judgment creditors of Michael O'Brien, alleging the recovery of their several judgments against him, the issuing of executions upon the same, and the return of such executions unsatisfied.    The complaint further alleges the making of an assignment by O'Brien to the other two defendants, and, in substance, that such assignment was fraudulent and void, and praying that the same might be declared fraudulent and void, and that the amount of their judgments might be paid out of the assigned property or its proceeds, with costs.    On the trial, it appeared that executions were issued upon the judgments on the 17th and 18th days of November, 1859, and that the same were returned by the sheriff wholly unsatisfied on the 19th of the same month, and that, on the said 19th of November, and after the return of the said executions, this action was commenced.    The plaintiff was nonsuited, on the ground that the action was prematurely commenced; that its commencement within sixty days after the issuing of the executions was premature.    The nonsuit is placed in the order granting it expressly upon the ground stated.

Several grounds are suggested in the respondent's points upon which it is claimed that the action cannot be sustained, different from that on which the case was decided; these suggestions we cannot now regard.

The case was decided both at the Circuit and at the General Term upon the single ground that I have stated.    The appeal is from that decision, and to permit the defendant now to sustain his nonsuit on some ground not then suggested, and which might have waived or supplied, or in relation to which the court might have allowed an amendment, would be great injustice to the appellant.    If the defendant was

right upon his claim below, the nonsuit should be sustained; while, if the decision in his favor was erroneous, it should be reversed, and he must go back to the point from which he started.

The Revised Statutes declare that " whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied in whole or in part, the party may file a bill in chancery," &c., like the present. So the Code provides, § 292, that " whenever an execution against the property of a judgment debtor is returned unsatisfied in whole or in part," an order for discovery may be had. It has been repeatedly decided that an action like the present cannot be sustained until an execution has been issued and has been returned unsatisfied in whole or in part. The Code provides, in section 289, full directions for the contents of the execution, nothing, however, being then said as to the time of its return. Section 290 enacts that " the execution shall be returnable within sixty days after its receipt by the officer, to the clerk with whom the record of judgment is filed." It thus appears that the execution must be returned by the sheriff, and at a period less than (*i. e.*, within) sixty days. The point beyond which it shall continue is provided, but the statute is silent as to how soon he is permitted to make the return. This would seem to leave the point, in the discretion or judgment of the sheriff, subject to his liability to all parties who may be injured by his insufficient or improper performance of the duty. It is not his duty to enforce and collect the execution by levying on the property of the defendant, and he is allowed to retain the execution for this purpose until the sixty days are about to expire. In ordinary cases, it would doubtless be his duty to retain it, for the purpose of securing the amount, until near the time limited for its return. If, however, the defendant should be known to the sheriff to be notoriously insolvent, and he should take the hazard of an early return, I see no objection to its legality. A strong intimation of the opinion of this court to the same effect is found in *Forbes* v. *Waller* (25 N. Y., 430).

Opinion of the Court, per HUNT, J.

That it is too late to make this objection at the hearing of the case, or in the present action, is also a proper consideration here. It appears by the complaint that judgments were entered in the original actions on the 15th and the 17th of November, 1859, and that the action was commenced on the 19th of the same month. These dates are also given in the answer, and an ignorance is alleged, whether the action was commenced before or after the return of the executions on the 19th. There was, therefore, no want of an opportunity to take advantage of the alleged defect at an early day. The action was of an equitable character, and proofs had already been taken before a referee upon the merits of the case. It was too late then to make the objection. (*Hanley* v. *Cramer*, 4 Cow., 726, 727; *Le Roy* v. *Platt*, 4 Paige, 77.) Again, it may well be doubted whether such an irregularity, if it is one, can be urged in the present action and by the present defendants. If the judgments, or either of them, had been entered one day too soon, upon a certificate of the sheriff, erroneous as to the date of the service of the complaint, it is quite clear that the error could not have been objected to in the present action. It would have been necessary that each defendant seperately and by motion in the original action should ask that the judgment be vacated. The return of the execution is also a proceeding in the original action, and upon its return it becomes, like the judgment roll, a part of the record proceedings in the case, which cannot be attached collaterally in another suit, but must be the subject to an original motion.

I am content, however, to place my decision upon the proposition that the return of the execution, as set forth in the complaint, and as offered to be proved, was a sufficient basis for the present action.

Judgment should be reversed and a new trial had.

All the judges concurring,

Judgment accordingly.