## Case No. 1,350.

### In re BERNSTEIN.

[2 Ben. 44;[1] 1 N. B. R. 199; Bankr. Reg. Supp. 43: 6 Int. Rev. Rec. 222; 1 Am. Law T. Rep. Bankr. 45; 34 How. Pr. 289.]

District Court, S. D. New York. Dec. Term, 1867.

INVOLUNTARY BANKRUPTCY — LIEN OF JUDGMENT ENTERED BEFORE THE BANKRUPTCY PROCEEDINGS.

1. Where, before proceedings were taken in involuntary bankruptcy, a judgment was entered against the bankrupt in a state court, by default, on which an execution was issued and a levy made, and the bankrupt unsuccessfully endeavored to have the judgment, execution, and levy set aside, and the sheriff then advertised the property for sale, but was stopped by an injunction from the bankruptcy court, which injunction was, on a representation that the goods were perishable, modified so as to allow the sheriff to sell, directing him to hold the proceeds subject to the order of this court, and the sheriff sold them, and an application was then made to dissolve the injunction, there being no impeachment of the bona fides of the judgment, execution, and levy: *Held*, that the lien of the levy was preserved by the bankruptcy act and should be respected by this court.

[Cited in Re Wright. Case No. 18,065; Re Dev. Id. 3,870; Hudson v. Schwab, Id. 6,835.]

[See Barnes v. Billington, Case No. 1,015; In re Wilbur, Id. 17,633; Goddard v. Weaver, Id. 5,495; Webster v. Woolbridge, Id. 17,340; Witt v. Hereth, Id. 17,921.]

2. That the sheriff should be directed to apply the proceeds of the property in his hands to the satisfaction of the execution, paying the overplus to the bankrupt's assignee, or, if there was no assignee, to the clerk of the court.

[Cited in Thames v. Miller, Case No. 13,860; Re Hufnagel, Id. 6,837.]

[3. Cited in Re Wright, Case No. 18,065; Re Mallory, Id. 8,991; Re Brinkman, Id. 1,884; Hudson v. Schwab, Id. 6,835, to the point that the district court, sitting as a court of bankruptcy, has power to enjoin a sheriff of a state court from proceeding to sell property on which he has levied under an execution issued out of a state court before proceedings in bankruptcy were commenced.]

In bankruptcy. The firm of Wilmerding, Hoguet & Co. obtained a judgment against [Henry Bernstein] the bankrupt, on the 21st of October, 1868, for $2,930.30, in a suit in the supreme court of New York, for a money demand on contract, founded on two promissory notes made by him, and on a sale and delivery of goods to him. The suit was commenced on the 25th of September, 1867, and the judgment was obtained in due course, by default, after personal service of a summons. On the same day on which the judgment was obtained, an execution was issued thereupon to the sheriff of the city and county of New York, and he made a levy thereunder on a stock of goods in the store of the bankrupt in the city of New York. The goods were advertised for sale by the sheriff for the 28th of October, 1867, but

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 45, contains only a partial report.]

the sale was stayed by the state court, and a motion was made by the bankrupt in that court to set aside the judgment, execution, and levy, but the motion was denied. On the commencement of the suit in the state court, an attachment was issued in it, under which the same stock of goods above mentioned had been attached. A motion was made by the bankrupt in the state court to dissolve that attachment, which motion was heard at the same time with the other motion before mentioned, and was also denied. After the denial of these motions, the sheriff advertised the goods for sale for the 22d of November, 1867. On the 21st of November, 1867, the petition in this matter, praying for an adjudication of bankruptcy, was filed, and this court, under the fortieth section of the bankruptcy act, [March 2, 1867; 14 Stat. 536,] at the time it made an order to show cause why the prayer of the petition should not be granted, issued an injunction restraining the sheriff from selling the goods under the execution on the levy made thereunder. There was afterwards an adjudication of bankruptcy in this matter. On a representation that the goods levied on were of a perishable character, and were deteriorating in value, this court made an order modifying the injunction so as to permit the sheriff to sell the goods under the execution, and directing the sheriff to hold the proceeds until the further order of this court concerning the same. The plaintiffs in the judgment now moved the court to dissolve the injunction wholly, and to allow the proceeds of the sale to be applied in paying the judgment and the costs and the charges and fees of the sheriff.

D. McAdam, for bankrupt.

D. McMahon, for creditors and sheriff.

BLATCHFORD, District Judge. There is nothing shown to impeach the bona fides of the judgment, execution, and levy. No collusion in regard to them appears, and the bankrupt resisted them to his utmost. The lien of a levy made under an execution issued on a final judgment, such as is that in the present case, provided such lien attached before the commencement of the proceedings in bankruptcy, is preserved by the bankruptcy act, and is to be respected by this court, whether this court takes to itself the administration of the property on which the lien is imposed, and applies it towards the satisfaction of the lien, or whether it allows the state officer, who is executing the state process, to do so. In this case, the property has been sold, and the proceeds of it are in the hands of the sheriff. No advantage can result from requiring the money to be paid into this court, with a view to its application by this court in satisfaction of the lien on the property. An order will be entered allowing the sheriff to apply the proceeds of the sale of the property towards the dis-

charge of the amount which he is required by the execution to make, including his charges and fees thereon, and directing him to pay the overplus, if any, to the assignee of the bankrupt, if there be one, and, if there be none, then to the clerk of this court, to the credit of the bankrupt's estate.