LOUISA DOUAI WEHLE, Respondent, v. WILLIAM C. CONNER, sheriff, etc., Appellant.

In an action against a sheriff for failure to return an execution, it may be proved in mitigation of damages, that prior to the return day the plaintiff's interest in the judgment was levied upon by virtue of an attachment, and was liable to be applied thereon.

Where a sheriff having an execution in his hands, receives an attachment against the judgment-creditor, and by virtue thereof levies upon the judgment debt, the attachment becomes a lien upon the judgment and execution, and all moneys collected upon the execution are liable to be applied toward the payment of any judgment recovered in the action wherein the attachment was issued; and, until the attachment is vacated, or the lien thereof in some manner discharged, it must be regarded as valid process, and the sheriff has no right to pay over to the judgment-creditor moneys collected on the execution.

Where, therefore, it appears in an action against the sheriff for failure to return the execution that such a lien by attachment existed at the time of the commencement of the action, plaintiff is only entitled to nominal damage. The defendant's failure to perform his duty, although not justified or excused, does not entitle plaintiff to recover more than the damages he has actually sustained.

Where the sheriff acted lawfully in levying the attachment, the question, whether he acted in bad faith, cannot be considered in such action, as the rights of the attaching creditors could not be affected thereby.

It seems that in order to make a valid levy by virtue of the attachment, when the sheriff himself holds the execution, it is not necessary to serve notice of the property levied on, as required by section 235 of the Code.

Wehle v. Conner (63 N. Y., 258), and Clark v. Goodridge (41 N. Y., 210), distinguished.

Whele v. Conner (8 J. & S., 24), reversed.

(Argued April 17, 1877; decided May 22, 1877).

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 8 J. & S., 24.)

This action is brought against defendant as sheriff of the city and county of New York, for a failure to return three executions in favor of plaintiff.

The sheriff levied upon property sufficient to satisfy the

executions, some time prior to the return days several attachments issued in actions against the plaintiff were placed in the hands of the sheriff, who thereupon by virtue thereof attached the judgment debts, serving upon the judgment debtors certified copies of the attachments. It did not appear that the attachments had been set aside or in any manner discharged. The trial court held that the facts stated constituted no defense, and directed a verdict for plaintiff for the amount of the execution, to which defendant's counsel duly excepted.

Defendant's counsel requested the court to charge that plaintiff was only entitled to nominal damages. The court refused so to charge, and said counsel duly excepted. A verdict was rendered in accordance with the instructions of the court.

Further facts appear in the opinion.

*A. J. Vanderpoel*, for the appellant. The warrants of attachment received by defendant against plaintiff's property and served on the judgment debtors are a defence to this action. (Code, §§ 232, 234, 235; *Hubbell* v. *Ames*, 15 Wend., 372; *Mayhew* v. *Duncan*, 31 Barb., 87; *McCay* v. *Harrower*, 27 id., 463; 2 R. S., 438, §§ 67–74.) Choses in action may be levied on under attachments. (Code, §§ 232, 234, 235; *Baker* v. *Kenworthy*, 41 N. Y., 215; *Butler* v. *Wehle*, 4 Hun, 54.) If the attachments were not a defence plaintiff could only recover nominal damages. (3 R. S., 739, § 98; *Lott* v. *Sweezey*, 21 N. Y., 484; *Diminny* v. *Fay*, 38 Barb., 18; *Pardee* v. *Robertson*, 6 Hill, 550; *Tucker* v. *Malloy*, 48 Barb., 85; *McDonald* v. *Bunn*, 2 Den., 45; *Lane* v. *Chapman*, 11 Ad. & E., 966; 2 Greenl. on Ev., § 593; *Cornell* v. *Barnes*, 7 Hill, 35; Crocker on Sheriffs, §§ 853, 412; *Root* v. *Wagner*, 30 N. Y., 1; *Homan* v. *Diswell*, 6 Cow., 658; *Gorham* v. *Gale*, 7 id., 739; *Humphrey* v. *Hathorn*, 24 Barb., 278; *Ledyard* v. *Jones*, 7 N. Y., 550; *Bowman* v. *Cornell*, 39 Barb., 68.) Plaintiff is estopped by her own acts in claiming anything more than nominal damages.

(*Butler* v. *Wehle*, 4 Hun, 54; *Freer* v. *Stotenbur*, 34 How. Pr., 440; *Glackin* v. *Zeller*, 52 Barb., 147; *Swain* v. *Seaman*, 9 Wal., 254, 274; *Radway* v. *Graham*, 4 Abb. Pr., 468; *Mays* v. *Fritton*, 20 Wal., 418; *Garner* v. *Bird*, 37 Barb., 277; *Young* v. *Bushnell*, 8 Bosw., 1; *Brown* v. *Bowen*, 30 N. Y., 519; *M. & T. Bk.* v. *Hazard*, id., 226; *Duchess of Kingston's Case*, 2 S. L. Ca., 424; *Craig* v. *Ward*, 36 Barb., 377; 1 Abb. Ct. App. Dec., 454; *Chaveley* v. *Ld. Dunsany*, 2 S. & L., 690, 710, 718; *Tuska* v. *O'Brien*, 68 N. Y., 446.) The defendant acted with due diligence. (*Moore* v. *Westervelt*, 27 N. Y., 234; Code, § 290; *Renaud* v. *O'Brien*, 35 N. Y., 29; *Tyler* v. *Willis*, 33 Barb., 327; *Morange* v. *Edwards*, 1 E. D. S., 415; *Spencer* v. *Cuyler*, 17 How., 157; *Crane* v. *Dygert*, 4 Wend., 675.)

*Charles Wehle*, for the respondent.

Miller, J. The attachments against the property of the plaintiff in the hands of the sheriff were manifestly liens upon the judgments and executions which he held in favor of the plaintiff, and all moneys collected or received upon the same were liable to be applied upon any judgments which might be recovered by reason of the proceedings under said attachments. He was bound not only " to attach," but to " safely keep " such property as was attached by him, and was responsible for the same (Code, § 231). He was also required to make and return an inventory to keep the property seized or the proceeds of such as should be sold, to answer any judgment which might be obtained in the action subject to the direction of the court, and to collect and receive all debts, credits, and effects of the defendant, and was authorized to take such legal proceedings in his own or the defendant's name as might be necessary for that purpose (Code, § 232). Further provision is also made for carrying out the purposes of the attachment, and for the care and custody of the property, and the appropriation of what is realized in satisfaction of any judgment which may be obtained (Code, §§ 233-

238). The sheriff therefore by virtue of these attachments held the judgment debts in favor of the plaintiff as a trustee for the benefit of the attaching creditors who might be entitled to the proceeds thereof. If the moneys had been paid or realized under the executions in the sheriff's hands they were liable to be held under the attachments which were a lien upon the judgments in favor of the plaintiff. The duties of the sheriff under the facts presented are, we think, well defined by the law. He would have no right to pay over money collected upon the executions to the plaintiff for the reason that it was held by virtue of, and properly applicable upon the attachments if judgments were finally recovered. The lien of the attachments upon the judgments was in force until they were paid or discharged. Strictly speaking, the sheriff was liable in an action brought for a failure to return the executions, and in this very case upon an appeal from an order affirming an order denying a motion of the defendant for leave to amend his answer by setting up as a defence the issuing and levying of such attachments against the plaintiffs upon the judgments upon which the sheriff held the executions, this court decided that it was no defence to such action that prior to the return day the sheriff received such warrants of attachment against the plaintiff, and levied the same (63 N. Y., 258). But the case cited does not go beyond this, or hold that the facts stated may not be considered in mitigation of the damages claimed.

No satisfactory reason exists why the plaintiff in an action against the sheriff is entitled to recover any more damages than he has actually sustained. The statute (3 R. S., 739, § 98), which gives the right of action, only authorizes such damages, and the plaintiff should not recover any amount beyond this in the case at bar. As the result of the legal presumption arising from the neglect of the sheriff, the measure of damages *prima facie* for not returning an execution is the amount of the same. But this may be reduced by showing that the defendant had no property; or that the

plaintiff has less interest in the execution than the face of it; and that he has no right to demand the payment of the full amount thereof. It also may be shown that the judgment was fraudulent and void; that it has been paid, assigned, and does not belong to the plaintiff. (Crocker on Sheriffs, § 853, and cases cited; *Cornell* v. *Barnes*, 7 Hill, 35.) So proof that the plaintiff had directed the execution not to be returned, or that the sheriff had procured it to be stayed by the order of the court, are lawful defences. (*Root* v. *Wagner*, 30 N. Y., 1; *Homan* v. *Liswell*, 6 Cow., 659; *Gorham* v. *Gale*, 7 Cow., 739; *Humphrey* v. *Hathorn*, 24 Barb., 278.)

Anything, in fact, which attacks the judgment or shows that the plaintiff's interest is affected, is a good and valid defence to the action. If such defences can be interposed, any evidence which proves that the plaintiff's interest was beyond her control, as that it was levied upon by an attachment and liable to be applied on the same, or on a valid process to the payment of her lawful debts, should be considered in mitigation of the damages. If the plaintiff had no right to the money, how could she be damnified? Clearly she lost nothing by the neglect of the sheriff if she was not entitled to receive the amount of the judgments, and so long as the attachments were valid and operative she should not be permitted to control the sheriff and compel him to pay what may not belong to her, and prevent its appropriation upon demands which are lawfully entitled to a preference. As the money, if realized, belongs to the attaching creditors, if judgments were obtained in their favor as the case stands, the damages of the plaintiff were only nominal.

The fact that the sheriff has failed to perform his duty furnishes no ground for holding that the plaintiff should recover more damages than she has actually sustained, for if the sheriff acted lawfully in levying the attachments upon the judgments, the question whether he acted in bad faith cannot affect the rights of the attaching creditors, and is not to be considered. There is no rule of law which precludes proof in an action of this description showing that less dam-

ages have been sustained than the amount of the executions, even when the neglect is not justified or excused. Should the several plaintiffs in the attachment suits fail to recover, the right of the plaintiff in this action still exists in full force, and her remedy is still perfect and complete. She may compel the sheriff, by application to the court, to return the executions, or obtain an attachment on his refusal to do so, or pay over the several amounts directed to be collected. If the plaintiff now succeeds, she collects the amount of her judgments of the sheriff, while she, being a non-resident, the attaching creditors have no other means of enforcing the collection of their respective claims. She may also, if necessary, enforce the same against the defendants therein.

The fact that the action is prematurely brought against the sheriff to recover the amount of her demand, does not deprive her of the right to collect the judgments hereafter, and hence she loses nothing if her recovery is confined to mere nominal damages. Whatever may have been the neglect of the sheriff, it does not establish the right of the plaintiff to recover more damages than she has actually sustained. The law has interposed to prevent his payment of the executions to her, and by means of the attachments temporarily at least, has taken away the right of the plaintiff to collect the several executions upon her judgments, and until the attachments are vacated or annulled, or the demands thereon paid, he has no authority to make such payments, and the full amount of the executions cannot therefore be considered as the true measure of plaintiff's damages. Until disposed of they are an insuperable barrier to any recovery of the full amount of the judgments. It is no answer to say that the attachments may be set aside, because as they stand, and until this is done, they must be regarded as valid process.

In the additional points furnished by the plaintiff's counsel since the argument, it is insisted that the proceedings of the sheriff, under the attachments, did not constitute a levy, because in serving the same, the sheriff served no notice showing the property levied upon, which is indispensable for

a valid service under section 235 of the Code of Procedure. This objection was not taken upon the trial, and as if it had been pointed out, it might have been obviated by additional proof, it is not now available.

It may also be remarked that the notice required by the section cited, was intended to be served upon the person who had possession of the property attached, for the purpose of informing such person what property had been seized; and as the sheriff himself held the executions, and therefore had knowledge, such notice would be unnecessary. He could not well serve upon himself, and as he knew all about the property attached, he had notice of all which was required.

The case of *Clark* v. *Goodridge* (41 N. Y., 210), cited by the plaintiff's counsel, involved a question as to the priority of creditors, and the property seized was in possession of a third party. This case was limited and distinguished in *O'Brien* v. *The M. & T. Fire Ins. Co.* (56 N. Y., 52), and has no application to the question now considered. It is apparent that the judge erred in overruling the evidence as to the issuing of the attachments, and in holding without any qualification that they constituted no defence whatever. The direction to the jury to find a verdict for the plaintiff for the full amount claimed, was also erroneous, and for these errors without considering some other questions made, the judgment must be reversed, and a new trial granted, with costs to abide the event.

ALLEN, RAPALLO and ANDREWS, JJ., concur; FOLGER and EARL, JJ., dissent; CHURCH, Ch. J., does not vote.

Judgment reversed.