THE ANSONIA BRASS AND COPPER COMPANY, Respondent, *against* WILLIAM C. CONNER *et al.*, as Executors &c. of William C. Conner, late Sheriff of the City and County of New York, Deceased, Respondents.

(Decided January 12th, 1883, and May 22d, 1884.)

The period allowed by law to a sheriff for the return of an execution issued to him is extended by the length of the time during which he is restrained, by an order of a United States Court made in proceedings in bankruptcy pending therein, from proceeding under the execution; and no action can be maintained against him for a failure to return the execution before the expiration of the extended time.

Where the legal effect of such injunction order to stay the sheriff and his proceedings is questioned, if no substantial harm to the execution creditor has resulted from his delay, the sheriff should be held entitled to the benefit of his obedience to the mandate of the court, notwithstanding any doubts as to its jurisdiction or powers in the premises, until its order is regularly set aside.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York affirming a judgment of that court entered upon findings by the court.

The action was commenced January 27th, 1876, to recover damages against defendant's testator, Wm. C. Conner, as sheriff of the City and County of New York, for failure to return an execution against Charles G. Wilson upon a judgment recovered by plaintiff against him, which execution was issued to the sheriff on' the 22d day of November, 1875. The cause was tried by a judge without a jury, who found as matter of fact and law at the request of defendant: "That on the 27th day of November, 1875, and five days after the issuing of the execution mentioned in the plaintiff's complaint, and after defendants' testator had levied upon property belonging to the defendant named in said execution, an order was duly made and issued out of the United States District Court for the Southern District of New York, in bankruptcy, which order was duly served upon defendants' testator, and enjoined and restrained him from all and every proceeding under said execution until the further order of the court. That said order remained and was in full force and effect until the 14th day of December, 1875, when said order was vacated as to the defendants' testator, William C. Conner, then sheriff of the City and County of New York."

The judge found as matter of law: "That the said order of the United States Court did not operate to extend the time within which said sheriff was required to return said execution." To this conclusion of law defendants excepted.

This action was commenced 66 days after the sheriff received the execution, but if the time during which the sheriff was stayed, viz., 17 days, is to be excluded from the computation of the time in which he had the execution in his hands, then the action was prematurely brought.

From the judgment for plaintiff entered upon the findings, defendants appealed to the General Term of the Marine Court, which affirmed the judgment; and from the

judgment of affirmance the defendants appealed to this court.

*Vanderpool, Green & Cuming,* for appellants.—The sheriff was entitled to 60 free days in which to execute and return the process (*Van Gelder* v. *Van Gelder,* 26 Hun 377; Code Civ. Pro. § 3307, subd. 7; *People* v. *Carnley,* 3 Abb. Pr. 215; *Paige* v. *Willett,* 38 N. Y. 28; *Renaud* v. *O'Brien,* 35 N. Y. 99; *Mills* v. *Thursby,* 11 How. Pr. 121; *Wehle* v. *Conner,* 69 N. Y. 550).

*Marshall P. Stafford,* for respondent.—It was an imperative requirement of law that the execution should be returned within 60 days after its receipt by the sheriff (Code of Pro. § 290; *Wilson* v. *Wright,* 9 How. Pr. 459). After the expiration of 60 days the execution was *functus officio,* invalid for any further proceedings, and the sheriff had no power under it thereafter (Freeman on Executions 106; *Vail* v. *Lewis,* 4 Johns. 450; *Van Rensselaer* v. *Kidd,* 6 N. Y. 333; *Miller* v. *Talcott,* 54 N. Y. 114; *Kingston Bank* v. *Eltinge,* 40 N. Y. 395; *Sherman* v. *Boyce,* 15 Johns. 442). The order of the United States Court did not extend the statutory time for returning the execution. Such an order would be an absolute nullity (U. S. R. S. § 720; *United States* v. *Collins,* 4 Blatchf. 142; *Tenth Nat. Bank* v. *Sanger,* 42 How. Pr. 179; *Clark* v. *Binninger,* 3 Nat. Bankr. Reg. 518; *Re Campbell,* 1 Nat. Bankr. Reg. 165; *Re Burns,* Id. 174; *Re Dudley,* 1 Pa. L. J. 302). A sheriff is bound to know whether an order served upon him is valid or void, and if he acts upon a void order he acts at his peril (*Ansonia Brass &c. Co.* v. *Babbitt,* 74 N. Y. 395). The order, if not void, did not extend the statutory time for returning the execution (*Glover* v. *Whittenhall,* 6 Hill 600; *Lowber* v. *Mayor &c. of New York,* 5 Abb. Pr. 268; *Platt* v. *Townsend,* 3 Abb. Pr. 9; *White* v. *Smith,* 16 Abb. Pr. 109, note; *Thompson* v. *Erie R. Co.* 9 Abb., Pr. N. S. 233). The order caused no practical difficulty in returning the execution in 60 days.

J. F. DALY, J.—[After stating the facts as above.]—The sheriff is entitled to an allowance for the time he is actually stayed by order of the court. The code in force when this action was brought provided that " the execution shall be returnable within 60 days after its receipt by the officer." The 60 days thus allowed by law to the sheriff is for his benefit, to prevent an action or compulsory proceeding against him before he has had a reasonable time to execute the process (*Renaud* v. *O'Brien*, 35 N. Y. 99). This time allowed by statute to the officer cannot, of course, be abridged by any order of any court; yet we should hold that it might be if we agreed with plaintiff's contention that the time during which a sheriff was under stay should be disregarded in computing the period between his receipt of the execution and the bringing of the action for failure to make a return. His time may be extended by operation of law (*Wehle* v. *Conner*, 69 N. Y. 546–550), and by order staying proceedings (*Paige* v. *Willett*, 38 N. Y. 35; *People* v. *Carnley*, 3 Abb. Pr. 217), and the sheriff himself may shorten the time by returning the process before the expiration of 60 days (*Renaud* v. *O'Brien, supra*); but there is no authority for holding that the sheriff's time in which he may collect the amount of the execution can be shortened without his consent.

It is not sufficient to say that the stay in this case was for a short period only, and there remained after it was vacated a reasonable time to levy, collect and make return of the execution before the 60 days from the issuing were up. What is a reasonable time is not left to the circumstances of the case or the judgment of courts and juries; the statute has fixed it at 60 days in order to avoid all dispute or question, and the sheriff is entitled to every day of it.

The respondent's points claim that the order of the United States District Court did not stay the sheriff. The finding of the justice is supported by the plaintiff's own admission in the case that the order was made " enjoining and restraining" the sheriff " from all further proceedings until the further order of the court; that said order remained and was

Ansonia Brass and Copper Co. *v.* Conner.

of full force and effect until the 14th day of December, 1875, when the said order was vacated," &c. The admission cannot now be gainsaid.

The United States District Court had power by statute (U. S. R. S. § 5024) to enjoin all persons from making any disposition of the debtor's property. This included a sale by a sheriff, and he was bound to obey the order under penalty until it was vacated, which, of course, it might be upon motion.

The judgment must be reversed and a new trial granted, with costs to abide event.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.

Upon a new trial in the court below (the name of which had, since the former trial, been changed to the "City Court of New York" by an act passed February 9th, 1883) before a justice of that court without a jury, trial by jury having been waived by consent of the parties, instead of the admission on the part of plaintiff, referred to in the foregoing opinion, as to the making, effect, and vacating of the order of the United States Court restraining the sheriff, that order was itself produced in evidence by defendants, as follows:

"UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

"In the matter of CHARLES G. WILSON, a bankrupt.—In bankruptcy.

"On reading and filing the annexed affidavit of Charles G. Wilson, who has been declared a bankrupt; it appearing to my satisfaction that said Charles G. Wilson has been adjudicated a bankrupt, a merchant residing and carrying on business in the Southern District of New York for more

than six months, and that the Ansonia Brass and Copper Company have by confession procured a judgment against said bankrupt, and has execution thereon against and have levied upon the property of said bankrupt, and thereby are seeking a preference over the other creditors of said bankrupt, and that Le Post Hubbell, Fred. Hubbell and Dorcas Stiles are seeking to procure a preference, &c.

"Now, it is ordered that said Ansonia Brass and Copper Company, plaintiff in said judgment, and said Le Post Hubbell, Fred. Hubbell and Dorcas A. Stiles, and said William C. Conner, sheriff, their servants, agents, attorneys and employes are, and each of them is, hereby restrained and enjoined from interfering in any way with the said property of said Charles G. Wilson, a bankrupt, not exempt by act of Congress approved March 2, 1867, and the acts amending the same, from the operation of said acts, and from any interference therewith until the further order of this court.

"Witness, Honorable SAMUEL BLATCHFORD, judge of said Court of the United States, at the United States courtroom, in the City of New York and district aforesaid, this 27th day of November, 1875.

[L. S.]                          GEO. F. BETTS, Clerk."

Proof was also given of the dates when the order was made and vacated, substantially as admitted upon the previous trial.

The justice found in favor of defendants, and upon his findings judgment for defendants was entered, from which plaintiff appealed to the General Term of the City Court, which affirmed the judgment; and from the order of affirmance and the judgment entered thereon plaintiff appealed to this court.

*Marshall P. Stafford,* for appellant.—It was an imperative statutory requirement that the sheriff should return the execution within 60 days (Code of Pro. § 290). Failure to return the execution within the time allowed by law rendered the sheriff liable to an action (2 R. S. 444,

§ 77 ; *Wilson* v. *Wright*, 9 How. Pr. 459 ; *Wehle* v. *Conner*, 69 N. Y. 549). The statutory time for a sheriff to return an execution cannot be extended by operation of law (*Ledyard* v. *Jones*, 7 N. Y. 554 ; *Bowman* v. *Cornell*, 39 Barb. 70 ; *Bank of Rome* v. *Curtis*, 1 Hill 276 ; *Wehle* v. *Conner*, 63 N. Y. 260 ; *Parker* v. *Bradley*, 46 N. Y. Super. 244 ; *Sweezy* v. *Lott*, 21 N. Y. 481 ; *Platt* v. *Townsend*, 3 Abb. Pr. 9 ; *Thompson* v. *Erie R. Co.*, 9 Abb. Pr. N. S. 233 ; *White* v. *Smith*, 16 Abb. Pr. 109, note ; distinguishing cases cited in opinion of court on former appeal, *Wehle* v. *Conner*, 69 N. Y. 550 ; *Paige* v. *Willetts*, 38 N. Y. 35 ; and *People* v. *Carnley*, 3 Abb. Pr. 217).

The order of the United States Court did not apply to the property held under the execution. The order applies only to " property of said Charles G. Wilson." The property held under the execution was not the property of Charles G. Wilson, the legal title and the right of possession and disposal being in the sheriff from the time of the levy (Bump Bankruptcy, 7th ed. 195 ; *Hartwell* v. *Bissell*, 17 Johns. 128 ; *Hall* v. *Tuttle*, 2 Wend. 475 ; *Smith* v. *Burtis*, 6 Johns. 197 ; 2 Blackst. Comm. 146). No jurisdiction over the property or the sheriff is acquired by an order issued in the bankruptcy proceedings under such circumstances (*Smith* v. *Mason*, 14 Wall. 419 ; *Marshall* v. *Knox*, 16 Wall. 551 ; *Re Marter*, 12 Nat. Bankr. Reg. 188). Such an order does not interfere in any way with a sheriff's right of possession and disposition of property levied upon under an execution prior to the institution of bankruptcy proceedings (*Re Bernstein*, 34 How. Pr. 289 ; *Marshall* v. *Knox*, 8 Nat. Bankr. Reg. 104 ; *Wilson* v. *Childs*, Id. 527 ; *Ansonia Brass &c. Co.* v. *Babbitt*, 74 N. Y. 401). It would have been no violation of the order of the United States Court if the sheriff had sold the property before that order was vacated (*Re Marter*, 12 Nat. Bankr. Reg. 188 ; *Ansonia Brass &c. Co.* v. *Babbitt*, 8 Hun 157).

The order of the United States Court makes a case wholly unlike that made by the stipulation used in its stead on the former trial.

Ansonia Brass and Copper Co. *v.* Conner.

*Vanderpoel, Green & Cuming,* for respondents. — The injunction order of the United States District Court was of binding force upon the sheriff until vacated, and he was under obligation to obey it (U. S. R. S. §§ 4972–5132; *Re Ulrich,* 6 Ben. 483 ; 2 Ben. 44; Id. 72 ; Id. 78 ; Id. 424; Id. 443 ; Id. 517). The effect of a disregard of the injunction order by a person enjoined is shown in *United States ex rel. Hyde* v. *Bancroft* (6 Ben. 392).

The property levied on was the specific property from interference with which the plaintiff and the sheriff were enjoined. It was as much the bankrupt's property as ever, subject only to the special lien acquired by the officer by virtue of his process.

J. F. DALY, J.—When this case was last before us on appeal we held that it was prematurely brought ; that the injunction order of the United States District Court stayed the sheriff's proceedings, and operated to extend the time in which he was bound to make return of the execution by as many days as he was under stay. We so held upon an admission in the case on appeal, made upon the trial by plaintiff, that by order of said District Court the sheriff was enjoined and restrained "from all further proceedings under the said execution until the further order of the court, and that said order remained and was in full force and effect until the 14th day of December, 1875." On the new trial that admission seems to have been withdrawn, and the order of the District Court was put in evidence ; as to which order plaintiff now raises the question whether its legal effect was to stay the sheriff and his proceedings. Why the plaintiff was permitted to withdraw his original admission, on which the former decision of this court was based, does not appear, for it was available to defendant upon the new trial (1 Phillips Ev. 524; 1 Greenleaf Ev. § 186). We are now, however, called upon to determine the effect of the order as read in evidence.

The District Court had power to make orders enjoining any disposition of the bankrupt's property, in the form

and to the effect of the order proved in this case (U. S.
R. S. § 5024). This particular order forbade interference
with the identical property held by the sheriff. Authorities
are cited to show that the court had no power to make such
an order except in an action instituted for the express pur-
pose of attacking the judgment (*Smith* v. *Mason*, 14 Wall.
419 ; *Marshall* v. *Knox*, 16 Wall. 551), and that a transferee
of the bankrupt so enjoined would not have been liable for
a contempt if he disobeyed such an order (*Re Marter*, 8
Nat. Bankr. Reg. 188). In the case of *Ansonia Brass &c.
Co.* v. *Babbitt* (8 Hun 157) it was held by the Supreme
Court that, notwithstanding an order of the District Court
enjoining the sheriff from further proceedings, he had the
right to go on and sell the property, being accountable only
for the surplus to the assignee, and was not justified in
giving up the property to the United States marshal. In
the same case in the Court of Appeals (74 N. Y. 395), that
court does not go further than to say that the order, "assum-
ing that it was binding on the sheriff, who had no notice
of the application for the order and was not heard in
respect to it, did not assume to disturb his possession,"
and that it was his duty to retain the possession and sell
the property to satisfy the execution, and to take all reason-
able means to protect his levy. It is not held that such
an order would not excuse the sheriff, so far as making
his return within the statutory time is concerned, if he
obeyed and respected it until it was regularly set aside,
a course of proceeding which the decent administration
of justice required of the officer. That is the only ques-
tion we have to deal with here, and I am inclined to adopt
the views expressed in the City Court on this point by
Chief Justice McADAM at General Term, and by Justice
HALL at Trial Term, that on the mere question whether
the time in which the officer was to make his return was
extended by the injunction order, no substantial harm
resulting therefrom to the execution creditor, courts should
hold that he was entitled to the benefit of his obedience

to the mandate of the court, notwithstanding any doubts as to its jurisdiction or powers in the premises.

The judgment should be affirmed, with costs.

Should the appellant desire to have the decision of the Court of Appeals on the questions of law not definitely settled by its decisions—

1. Whether a stay of the sheriff's proceedings operates to extend the statutory time for making return on the execution ; and,

2. Whether the order in question, having been obeyed by the sheriff until regularly vacated, operated as such a stay, I am willing to make an order authorizing an appeal for that purpose.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.*

---

* Leave to appeal to the Court of Appeals from the judgment to be entered upon this decision was granted to plaintiff. An order of affirmance was entered in the Court of Common Pleas, and afterward, on June 3d, 1884, a judgment was entered in the City Court upon remittitur sent down from the Court of Common Pleas. Thereupon plaintiff served a notice of appeal to the Court of Appeals from the judgment of the City Court of June 3d, 1884, making no reference to the judgment or order of the Court of Common Pleas. This appeal was dismissed by the Court of Appeals in April, 1885.