BURK
v.
CAMPBELL.

self, the other defendant acting as his assistant in driving away the cow.

After the evidence on the trial in the court below had closed, each of the parties, by permission of the justice, treated the jury with a bottle of whiskey, in order, as the return states, " to enable them to listen to the remarks of counsel." A verdict and judgment were rendered for the plaintiff below.

---

BURK *against* CAMPBELL.

*An action on the case will lie against a sheriff for not returning an execution, or the party may proceed by attachment, at his election.*

*In an action on the case against a sheriff for not levying and returning a writ of fieri facias, a plea that the sheriff had never been ruled to return the writ is bad, for the sheriff is bound to return a writ without being ruled, and he cannot avail himself of his own neglect of duty to defeat the plaintiff's action.*

IN ERROR to the court of common pleas of the county of *Franklin*.

This was an action of trespass on the case, brought in the court below, by the plaintiff in error, against the defendant in error, who was sheriff of the county of *Franklin*, for not executing or returning a writ of *fieri facias*. The declaration stated, that in the term of *October*, 1815, of the court below, the plaintiff obtained a judgment against one *Whipple*, for 55 dollars and 25 cents; that on the tenth of *December*, in the same year, he issued a *fi. fa.* to the defendant, returnable on the 28th of *January* then next, which was delivered to the defendant to be executed, and although there were goods and chattels, and lands and tenements, on which the defendant might have levied, yet he did not levy, nor did he ever return the writ.

The defendant pleaded that before the commencement of this suit, he was not required by any rule of the said court of common pleas, to return the writ, before the judges and

assistant justices thereof, according to the course and prac-
tice of the said court.

To this plea there was a general demurrer : the defendant
joined in demurrer, and the court below gave judgment for
the defendant. The cause was submitted without argument.

NEW-YORK,
October, 1818.

BURK
v.
CAMPBELL.

THOMPSON, Ch. J. delivered the opinion of the court.
This case comes before the court on a writ of error to the
Common Pleas of *Franklin* county. It was a special action
on the case, against the defendant, as sheriff, for neglecting
to levy and collect the amount of a certain *fieri facias*, is-
sued out of the said court of Common Pleas, in favour of the
plaintiff, against *Nathaniel Whipple*, according to the di-
rections and exigency of the writ. The only plea in-
terposed by the defendant was, that he had not been re-
quired, by any rule of court, to return the said writ, accord-
ing to the course and practice of the court. To this plea
there was a general demurrer, upon which the court gave
judgment for the defendant.

The judgment was erroneous. There can be no doubt
that an action will lie against a sheriff, for neglect of duty,
in not returning an execution delivered to him. The de-
claration in the court below set forth, with all necessary
certainty, the judgment and execution; the delivery of
the same to the sheriff, before the return day; and that
the defendant in the execution had sufficient goods and
chattels, lands and tenements, within the county, where-
of the money, required by the execution to be raised,
might have been levied and collected, but which the de-
fendant neglected and refused to do. It is no answer for
the sheriff to allege that he had not been ruled to return
the execution. This he was bound to do, without being ru-
led. The plaintiff had his election to proceed either way ;
and the sheriff cannot avail himself of his own neglect of
duty to defeat the plaintiff's action. This is a principle
fully recognized by this court in *Hinman* v. *Breese*, (13
*Johns. Rep.* 529.) Our statute concerning sheriffs, recognizes
such an action against the officer. It declares, that if any
sheriff, or other officer, shall not make due return to any
writ delivered to him to be executed, he shall not only be

NEW-YORK,   liable to attachment, or amercement, but, also, to an action
October, 1818.   on the case, for damages, at the suit of the party aggrieved.
Stow        (1 *N. R. L.* 423.) The judgment of the court below must
v.          be reversed.
Tifft.

                                        Judgment reversed.