By the Court, Cowen, J.
It was the duty of the defendant to return the fi. fa. by the sixtieth day after he received it, (Sess. Laws of 1840, p. 334, § 24,) unless the return was dispensed with by the plaintiffs or their attorney; and he was liable to an action for his neglect to discharge that duty, without first being called upon to make the return by rule or notice. (Burk v. Campbell, 15 John. 456 ; Fisher v. Pond, 2 Hill, 338.) In this case the return day was the 23d of Feb-r ruary, 1841; and the writ was not returned on that day. The, jury have found that the letter from the plaintiffs’ attorney of the. 18th of February,, the main thing relied on as a dispensar *555 tion, did not reach the hands of the defendant’s deputy till after the 23d. The cause of action was then perfect, unless, as insisted, the letter took effect, retroactively, as of the 18th, or as of some day previous to the 23d.
There is no doubt that an attorney’s authority over a.fi. fa. or other execution continues for at least a year and a day after judgment perfected in favor of his client; and, for some purposes, still longer. (Lusk v. Hastings, 1 Hill, 656, 659, and the cases there cited.) He may now even acknowledge satisfaction at any time within two years. (Id. ; 2 R. S. 286,2d ed. § 26.) It would not perhaps be too much, since the statute, to say that his control over the execution should continue for the two years, without a new warrant; but there is no question in this case on the time. The plaintiff’s counsel takes his stand on the narrowness of the attorney’s power ; and denies that he can authorize a deputy to depart from the regular and ordinary course of his duty. His power in this respect is, however, too well settled to admit of question. (Gorham v. Gale, 7 Cowen, 739, 744 ; Walters v. Sykes, 22 Wend. 566.) The effect of giving special authority is also considered in the cases cited. Pro tanto the deputy is made the special agent of the party by whom the authority is given, and the relation gf principal and agent between him and the sheriff is broken. The latter, therefore, ceases to be liable. The relation of principal and agent arises between the party and the deputy. See Madison County Bank v. Keller, (2 Hill, 117,120,) and the several cases decided in Massachusetts which are mentioned in note (a) at p. 120.)
Taking it, then, as the learned judge did at the trial, that Mr. White’s letter of the 18th of February contained an authority to hold the execution over the return day, the case may, I think, be put in this way : The deputy assumed the office of a private agent, and held over on the presumed assent of the plaintiffs or their attorney. This he had no right to do at the time ; but, like an act of any other person assuming to be agent, or of an agent going beyond his authority, the *556 act or excess may be legalized and rendered valid by subsequent adoption. Suppose, for instance, no letter had been written by Mr. White, but he had distinctly approved of the delay. Such approbation certainly would not have enured directly to discharge a claim or cause of action founded on the neglect; but it would have had that effect indirectly, on the maxim omnis ratihaMtio retrotrahitur, et mandato priori cequiparatur. The maxim was thus applied to discharge or rather limit a claim in Armstrong v. Gilchrist, (2 John. Cas. 424 ; see Liverm on Ag. 44, 47.) Indeed the cases are entirely familiar and very numerous of men assuming to act for others on the emergency of the occasion even wrongfully and injuriously, being saved from an action by the party interested acquiescing in the transaction as done for his benefit. Such an effect is much favored by the law; and it is even said that an adoption of the transaction in part is an adoption of the whole. (Pal. on Ag. 172, et seq. and cases there cited, Lloyd’s ed.) The judge, I think, erred, therefore, in putting the case to the jury on the question whether the letter arrived before or after the 23d of February.
This, however, is giving the defendant, I apprehend, little more than the benefit of an abstract proposition ; for it is difficult to see how the acts of Mr. White can be understood as amounting to an adoption of the deputy’s neglect. The letter of the 18th of February specified the terms on which the plaintiffs were willing to arrange the execution. . I do not regard the protest against interfering with the course of the execution ; for the letter fairly implied an authority to suspend all legal proceedings till the lapse of a reasonable time for procuring the proposed note and submitting it to the plaintiffs for their approbation. The authority was conditional—a note with endorsers, to be approved by the plaintiffs. Had such a note been procured within a reasonable time, and sent for approval, I think there was a further implication that time should also be allowed for an answer, before a suit could be brought against the sheriff; and so the suit might in such case be objectionable as *557 premature. But the condition on which legal proceedings were to be suspended was never complied with by the deputy at all. When the letter mentioned security by an endorsed note as the condition, it must be faken to have intended a note not merely endorsed in form, but one so framed as to he properly endorsed ■ in other words, a note taken according to the ordinary rules of business, and available, per se, against the endorsers. A full and adequate levy had been made, of which the plaintiffs were informed by the deputy. Their consent was to a good endorsed note payable at one of the two banks mentioned, in such form as to bring cash, without its being essential to add their own names unless they pleased. Accidentally the note was not so framed ■, and it would not have been cashed by a bank or any prudent man without the plaintiffs’ names as first endorsers. This was a substantial disregard of the condition. It must be taken as never complied with at all up to the time of the last letter ; and it was then too late to mend the matter. A party may always annex such condition to the execution of a power as he pleases. The condition here was, in short, that a note in a certain form should be procured in a reasonable time. That was not done; ^nd the case therefore stood when the suit was commenced just as if no negotiation had ever begun.
Further forbearance would no doubt have resulted in a correction of the mistake, thus proving beneficial to both parties j and this action seems to have been brought in a pet. Such haste may be regretted ; but I have found it impossible to discover among the circumstances any materials of which a legal defence can be predicated.
New trial denied.