JAMES H. MILLS et al., Appellants, *v.* ABRAHAM B. DAVIS et al., Respondents.

Where a claim is made against a sheriff for money in his hands, and there is any doubt as to who is entitled to it, it is usual for the court, for the protection of the officer, to refuse to compel him to decide the controversy at his own risk.

A summary application to compel such a determination and to require him to pay over the moneys is in the discretion of the court to which it is made, and its decision thereon is not reviewable here.

(Argued June 3, 1873; decided September 23, 1873.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing an order of the Special Term, directing and requiring the sheriff of the county of New York to pay over moneys collected on an execution herein.

On the 11th October, 1871, plaintiffs recovered judgment for $1,063.21. Execution was issued to said sheriff, who collected the amount thereof. While the moneys collected remained in his hands he was served with an injunction order, issued in proceedings in bankruptcy against defendants by the United States District Court for the southern district of New York, restraining him from making any transfer or disposition of the funds in his hands until the further order of that court. The sheriff returned the execution, setting forth these facts, and declined to pay over the amount thereof on account of said injunction.

*T. C. Campbell* for the appellants. An assignee in bankruptcy can only reach the property the bankrupt has at the time of the commencement of the bankrupt proceedings. (*Sedgwick* v. *Minck*, 1 Bank. Reg., 204; Bump on Bankruptcy, 167, 246, 244, 318; *In re Arledge*, 1 Bank. Reg., 195; *Sedgwick* v. *Place*, id., 204; *In re Merick*, id., 195; *In re Wynne*, 4 id., 6; *In re Hoseberger*, 3 id., 33; *Goodrich* v. *Remington*, 6 Blatch., 515; *R. and R. and St. L. R. R.* v. *McKay*, 3 B. R., 12; *In re Clark*, id., 130; *Lamson* v.

*Burton,* 4 id., 1; *Clark* v. *Benninger,* 39 How., 371; *In re Campbell,* 7 Am. L. Reg., 100; 36 Supp. B. to R. R., XXXVI; *U. S.* v. *Howland,* 4 Wheat., 115; 10 id., 25; *In re Bernstein,* B. R. Sup., 43; *Mitchell* v. *Winslow,* 1 Story's C. R. R., 631; *Milford* v. *Milford,* 9 Ves., 87, 100; *Brown* v. *Hathcoat,* 1 Atk., 160; *Alden* v. *Barton,* Bank. Act, § 14; *H. and E. R. R.,* 5 B. Reg., 230, Nos. 6, 7; *In re Campbell,* Nat. B. Reg. Sup., XXX.) The injunction served on the sheriff does not affect the merits of plaintiffs' motion or order, and is no answer to the application to pay over the money. (*In re Bernstein,* B. R. Sup., 43; *In re Smith,* B. R., 169; *In re Keen,* 2 id., 124; *In re Campbell,* id., 36; *In re Schrupf,* id., 41.)

*A. J. Vanderpoel* for M. T. Brennan, sheriff, etc., respondent. The United States District Court had jurisdiction to issue the injunction. (Bank. Act, 1867, §§ 1, 40; *In re Mallory,* 6 Nat. B. Reg., 22; *In re Clark,* 9 Blatch., 372.) The money the sheriff holds is the debtor's, and to pay it on plaintiffs' execution would be a violation of the injunction. (U. S. Const., art. 1, § 8, sub. 4; *Sturges* v. *Crowninshield,* 4 Wheat., 122–196; *In re Mer. Ins. Co.,* 6 Nat. B. Reg., 43; *In re Black,* 1 Bk. Reg., 81; *Traders' Bk.* v. *Campbell,* 14 Wal., 87; Bank. Act, §§ 1, 35, 39; *In re Wynne,* 4 Bk. Reg., 5; *In re Mallory,* 6 id., 26; *Smith* v. *Kerr,* 7 id., 97; *Sampson* v. *Burton,* 6 Nat. B. Reg., 403; *Roher's Appeal,* 62 Penn., 498.)

CHURCH, Ch. J. We think the order not appealable to this court. It was discretionary with the court below whether to proceed summarily against the sheriff or leave the parties to litigate in the ordinary way by action.

When a claim is made against the sheriff for money in his hands, and there is any doubt upon the question, it is usual for the court, for the protection of the officer, to refuse to compel him to decide the controversy at his own risk. (7 B. & C., 381; 9 How. Pr. R. 459.) We concur with the opinion of

SEDGWICK, J., upon this point. The question of propriety in granting such an order is governed by no fixed rule of law, but depends upon the circumstances of each case, and is discretionary within the true meaning of that term. This court, by section 11, subdivision 3, has power to review an order made upon a summary application after judgment affecting a substantial right; but from the restricted jurisdiction of the court, as an appellate tribunal, it has uniformly held that it did not extend to discretionary orders, while the General Term is not so restricted. (29 N. Y., 418.) This order affects a substantial right, but it is discretionary, and, therefore, not appealable to this court.

As there is no reason to doubt the good faith of the plaintiff, and as there is some confusion, if not conflict, in the authorities upon the question of the appealability of such orders, we have concluded to dismiss the appeal, without costs.

All concur.

Appeal dismissed.