LOUISE DONAI WEHLE, Respondent, *v.* WILLIAM C. CONNER, Sheriff, etc., Appellant.

In an action brought against a sheriff for failure to return an execution, it is no defense that prior to the return day defendant received a warrant of attachment against the plaintiff, a copy of which he served upon the judgment debtor, and received a certificate acknowledging indebtedness to the plaintiff in the amount of the judgment.

The attachment does not prevent the sheriff from collecting the execution, nor does the service of the attachment dispense with the duty imposed upon him of returning the execution.

(Argued November 14, 1875 ; decided November 23, 1875.)

APPEAL from order of the General Term of the Superior Court of the city of New York affirming an order of Special Term denying a motion on the part of defendant for leave to amend his answer. (Reported below, 8 J. & S., 24.)

This action was brought against defendant, as sheriff of the city and county of New York, to recover damages for not returning three executions issued to him upon judgments in favor of plaintiff.

After the joinder of issue, and after the expiration of the time to answer, defendant made this motion for leave to amend his answer, by setting up as a defense, in substance, that prior to the return day of the executions, and about six weeks after the delivery thereof to the defendant, he received three warrants of attachment against the plaintiff; that upon receipt he served copies upon each of the defendants in the executions, with notice that he levied upon and attached all debts due plaintiff from them, and that he received from them a certificate under each warrant of attachment pursuant to the statute, that they were indebted to plaintiff in the amount of the judgments; that said attachments still remain in full force, etc.

The motion was denied, as stated in the order, " on the sole ground that the same (*i. e.*, the portion of the amended answer

containing the new averments), does not constitute any defence or counter-claim."

Further facts appear in the opinion.

*Almon Goodwin* for the appellant. The attachments received and served by defendant are a defence to this action. (*Ingalls* v. *Lord*, 1 Cow., 240; *Ransom* v. *Miner*, 3 Sandf., 692; Code, §§ 232, 234, 235; *Hubbell* v. *Ames*, 15 Wend., 372; *Mayhew* v. *Duncan*, 31 Barb., 87; 2 R. S., 438, §§ 67–74; 3 id., 739, § 98; *McKay* v. *Harrower*, 27 Barb., 463; *Butler* v. *Wehle*, 4 Hun, 54; *Lott* v. *Swezey*, 21 N. Y., 484, *Dininny* v. *Fay*, 38 Barb., 18; *Pardee* v. *Robertson*, 6 Hill, 550; *Tucker* v. *Malloy*, 48 Barb., 85; *McDonald* v. *Bunn*, 3 Den., 45; *Lane* v. *Chapman*, 11 Ad. & E., 966; 2 Greenl. Ev., § 593; *Cornell* v. *Barnes*, 7 Hill, 35; Crocker on Sheriffs, §§ 853, 412; *Root* v. *Wagner*, 30 N. Y., 1; *Homan* v. *Liswell*, 6 Cow., 659; *Humphrey* v. *Hathorn*, 24 Barb., 278; *Gorham* v. *Gale*, 7 Cow., 739; *Ledyard* v. *Jones*, 7 N. Y., 550; *Bowman* v. *Cornell*, 39 Barb., 69.) A partial defence may be pleaded under the Code. (*McKyring* v. *Bull*, 16 N. Y., 297; *Bush* v. *Prosser*, 11 id., 347; *Loosey* v. *Orser*, 4 Bosw., 391; *Poland* v. *Johns*, 16 Abb., 235; *Hynd* v. *Griswold*, 4 How., 69; *Williams* v. *Hayes*, 5 id., 470; *Houghton* v. *Townsend*, 8 id., 441.)

*Charles Wehle* for the respondent. It was the duty of the sheriff, immediately upon the receipt of the executions, to make a levy. (Crocker on Sheriffs, § 419; 2 R. S. [Edm. ed.], 459, § 77.) If the sheriff failed to make the levy it was his own negligence, and could not be pleaded as a defence. (*Roth* v. *Wells*, 29 N. Y., 489; *Swezey* v. *Lott*, 21 id., 481; *Howland* v. *Willets*, 9 id., 173; *Hathaway* v. *Howell*, 54 id., 97.) If the levy had been made the sheriff's possession could not be interfered with by any other court. (*Van Loan* v. *Kline*, 10 J. R., 129; *Hartwell* v. *Bissel*, 17 id., 120; *Dubois* v. *Hartcourt*, 20 Wend., 41; *Pulliam* v. *Osborne*, 17 How. [U. S.], 471; *Freeman* v. *How*, 24 id., 450; Herman on Ex., §

173.) If the property had been levied on it could not be attached. (*Baker* v. *Kenworthy*, 41 N. Y., 215 ; *Muskott* v. *Woodwarth*, 14 How., 477 ; *Carroll* v. *Cone*, 40 Barb., 220 ; Code, §§ 232, 236, 237.) The attachments could not operate as a stay. (Crocker on Sheriffs, § 442; Code, § 290, 149 ; 2 R. S. [Edm. ed.], 458 ; *Swezey* v. *Lott*, 21 N. Y., 481 ; *Bowman* v. *Cornell*, 39 Barb., 69 ; *Humphrey* v. *Hathorn*, 24 id., 278 ; *Ledyard* v. *Jones*, 7 N. Y., 550.)

CHURCH, Ch. J. It was discretionary with the court below whether to receive the amended answer or not. The Special Term incorporated into its order the reason for denying the motion, that the proposed answer did not contain a defence, which it is supposed makes it reviewable here. But the General Term affirmed the order, generally, without assigning any reason, and it is at least doubtful whether such an affirmance should be deemed an adoption of the reason of the Special Term as the only ground of affirmance ; and from the opinion it might be inferred that the laches of the defendant influenced to some extent the decision. But waiving that point, we concur with the General and Special Term, that the answer did not set up facts constituting a defence. The sheriff was required by statute to return the execution, and the service of the attachment did not dispense with that duty. There was nothing in the attachment or the statute relating to that remedy to prevent his levying upon property and making the money upon the execution. If the attachment operated at all upon his duty in respect to the execution, it was as to paying over the money to the plaintiff. The attachment law did not prevent the collection of the execution, and the latter process expressly required it. The presumption is that the sheriff did not even make a levy, and actually omitted to do any thing in the discharge of his duty to collect the execution. It was six weeks after its delivery to him before the attachments were served, and then he took the responsibility of keeping the execution, and neglected to make any return. The sheriff had no such right of his own

motion and without the direction of the court.   Such a course might prevent the collection of the execution and also defeat the benefit of the attachment.

The order must be affirmed.

All concur.

Order affirmed.