By the Court.—Freedmah, J.
This is an appeal from an order directing an attachment to issue against Bernard Reilly, the late sheriff of the city and county of New York, for neglecting to return an execution against the property of the defendant as required by the writ. On June 11, 1879, the plaintiff recovered a judgment against the defendant for the sum of $4,832.64, arid on June 12, an execution was issued thereon to said sheriff. He collected the entire amount, and on September 23, 1879, he paid over to the plaintiff the sum of $1,332,64, on account. The balance he claims to hold under a warrant of attachment issued to him out of the supreme court on or about June 26, 1879, in an action wherein the defendant, John J. Bradley, was plaintiff and the present plaintiff, John B. Parker, was defendant. The warrant commanded' Mm to attach and safely keep the property of the said, Parker, or sufficient thereof to satisfy the claim of Bradley, amounting to $2,000, with some three years’ interest thereon, besides the costs and expenses of said action. It is conceded that the said warrant of attachment still remains in full force and effect. There is no proof, however, of what the sheriff did under it.
These facts do not constitute a sufficient excuse for omitting to make a return. The statute requires the sheriff to execute the execution according to the command thereof and make return thereon of Ms proceedings under Ms hand. The attachment delivered to him *249 did not relieve Mm of that duty (Wehle v. Conner, 63 N. Y. 258 ; affirming S. C., 40 Super. Ct. 24).
He can make a return according to the facts. If by them an excuse for not paying over the money is presented, within the principles decided in Wehle v. Conner (69 N. Y. 546) and Dunlop v. Paterson Fire Ins. Co. (74 Id. 145), the court will not compel him to pay over; for whenever a claim is made against a sheriff for money in his hands, and there is any doubt as to who is entitled to it, it is usual for the court, for the protection of the officer, to refuse to compel him to decide the controversy at Iris own risk (Mills v. Davis, 53 N. Y. 349). The question, therefore, of the sheriff’s liability to pay over, and if he be liable, whether payment should be ordered summarily, should be reserved until after the coming in of the return.
The sheriff having neglected to return the execution according to the command thereof, was liable to be-proceeded against by attachment, and it was no answer for him to say that he had not been ruled or notified to make a return (Burke v. Campbell, 15 Johns. 456 Corning v. Southland, 3 Hill, 552).
But the fact that he had not been ruled or notified, taken in connection with-the other facts relied on by Tiim as an excuse, demanded that before the actual issue of the attachment an opportunity should bo afforded to him to make a return. The order directing-that an attachment issue against the said sheriff for not returning the execution, should therefore be modified by adding at the end thereof the words, “ unless, within ten days a return of it shall be made according to the command thereofand as thus modified the order should be affirmed, without costs on tho appeal.
Curtis, Ch. J., and Sedgwick, J., concurred.