ALBANY,
Feb. 1828.

Mulholand
v.
Van Fine.

A motion was now made in behalf of his heirs, to set aside the judgment, and all subsequent proceedings. This was answered on the part of the plaintiff by showing a release of the irregularity, and a consent that the judgment might stand, executed by the administrator of Davis.

*D. Cady*, for the motion.

*M. T. Reynolds*, contra.

*Curia.* The release of the administrator cannot affect the rights of the heirs. The motion must be granted.

Motion granted.

---

MULHOLAND *against* VAN FINE, impleaded with HANFORD and SMITH.

The defendant has the same time to plead after service of a bill of particulars, as he had on the day of serving the alternative order.

In case of oyer he has the same time after delivery as at the time of demand.

MOTION, in behalf of the defendant, to set aside a default for want of a plea. The declaration was served on the agent of the defendant's attorney, December 6th, 1827. On the 7th of January, 1828, the defendant obtained the usual alternative order for a bill of particulars, with a stay of proceedings, which was, on the same day, served upon the plaintiff's attorney. The order was made absolute on the 15th; on the 17th the bill was delivered to the defendant's attorney, who, on the 24th, filed and served a plea on the agent of the plaintiff's attorney; but the defendant's default for not pleading had been entered on the 23d (the day before.)

[*133]        *B. Nott*, for the motion.

*B. D. Noxon*, contra.

*Curia.* The defendant had the same time to plead after the 17th of January, the day when the bill was delivered,

as he had on the 7th, when the alternative order was served. It is analogous to the case of demanding oyer, where the time for pleading is the same after the delivery of oyer as it was when demanded. The service of the conditional order for a bill, is equivalent to a demand in the case of oyer;(a) and the time for pleading should be computed accordingly. Dunl. Pr. 373, 405; 15 East, 508; 14 John. 328; 8 T. R. 356; 1 Cowen, 574. Here was 8 days' time to plead when the alternative order was served. Only 6 days intervened between that and the 23d, the day of the default; which was irregular.

Motion granted with costs.[1]

(a) In England the computation is also from the time of the order; but that is absolute in the first instance, being obtained on summons. *Mowbray* v. *Schuberth*, 13 East, 508.

[1] The New York Code provides, that in an action upon an account of any kind, the plaintiff need not set forth, in his complaint, the items of his account, but may state generally, that the defendant is indebted upon an account for goods, &c., sold, or work, &c., done.

In such cases the defendant, either before he answers the complaint, or at any time afterwards, before trial, may procure a copy of the account.

A notice must be drawn and served on the plaintiff's attorney, requiring him, within ten days thereafter, to deliver to the defendant's attorney a copy of the account alleged in the complaint, which, if the complaint is verified, must be verified by the oath of the plaintiff, or that of his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true.

This notice does not operate as a stay of the plaintiff's proceedings, and care should be taken that the time to answer does not expire. If it is likely to, and the defendant desires to obtain a copy of the account before answering, he must get the time extended. The time may be extended by a judge of the court, or by a county judge.

If the plaintiff, after having received the notice demanding a copy of the account, neglect or refuse to furnish it to the defendant within the time limited, he is precluded from giving evidence thereof on the trial. He may, however, afterwards obtain leave to furnish it, by motion to the court, upon such terms as shall be just.

If the copy of the account or bill of particulars, furnished by the plaintiff, is defective, as being too general or otherwise, the defendant may apply to the court, or to a judge thereof, or to a county judge, for an order to compel the plaintiff to furnish a further or more particular account or bill; and the plaintiff is obliged to furnish it in pursuance of the order, or be precluded from giving evidence upon the trial. And so, if a second or third insufficient bill is furnished.

ALBANY,
Feb. 1828.

The People
v.
Lynde.

. It would seem that if a second or third insufficient bill is furnished, the defendant may apply to the court in which the action is pending, at a special term thereof, for an order precluding the plaintiff from giving evidence of his account on the trial. For this purpose, an affidavit must be made of the fact of the non-compliance of the plaintiff with the order to furnish a further or more particular bill, and a copy, with a notice of the motion, must be served upon the plaintiff's attorney.

If the court is satisfied that the plaintiff has failed to comply with the order, and no reasonable excuse is furnished therefor, an order will be made that the plaintiff be precluded from giving any evidence of his account on the trial of the action. A copy of this order must be served upon the plaintiff's attorney, and upon the production on the trial of the original order and proof of its service, the plaintiff will not be permitted to prove his account. Monell's Pr., 2d ed., pp. 526, 527.