## DUNCAN *vs.* SUN FIRE INSURANCE COMPANY.

MOTION to set aside an inquest.   At the last August term, a rule for a commission was obtained by the defendants, containing an order that such rule should operate as a stay of proceedings.   On the *eighth* day of May last, the plaintiffs noticed the cause for trial at the New-York circuit, to be holden on the *twenty-fifth* day of May.   On the *twenty-sixth* day of May, this court, on the application of the plaintiff, gave him leave to proceed to the trial of the cause, notwithstanding the rule for a commission, and on the *twenty-eighth* day of May an inquest was taken, which was moved to be set aside for irregularity.

*A. S. Garr,* for defendants, cited 18 *Johns. R.* 135 ; *Dunlap's Pr.* 547.

UTICA, August, 1829.

Duncan v. Sun Fire Ins. Company.

*Until the vacatur of an order to stay proceedings, it is irregular to proceed in the cause.*

*D. Lord, jun.* contra, insisted that the notice was *de bene esse*, like a notice of inquiry before interlocutory judgment, or a rule for judgment *nisi*, on a verdict after an order to stay proceedings. (3 *Johns. R.* 352.) That it is the common practice to give notice of trial, while a commission is outstanding, with the intent of trying the cause if the commission should happen to be returned during the circuit, otherwise not.

*By the Court*, SUTHERLAND, J. The plaintiff being under an order to stay proceedings, irregularly noticed his cause for trial, and the subsequent order of the court allowing him to proceed to the trial of his cause, notwithstanding the rule for a commission, does not cure the irregularity. Until the vacatur of that rule, the plaintiff was not at liberty to proceed in his cause. The motion is granted with costs.