## PLATT *a.* TOWNSEND.

*New York Superior Court; General Term, May,* 1856.

EXTENSION OF TIME TO ANSWER.—ORDER FOR PARTICULARS.

An order for a bill of particulars, although accompanied by a stay of proceedings, no longer operates of itself, (as under the old practice) to enlarge the defendant's time to plead.

The only way in which an extension of time can be procured, is by an express order to that effect, founded upon proper affidavits.

Appeal from an order of the special term, vacating a judgment entered by plaintiff, for irregularity.

This action was brought by George W. and Nathan C. Platt against Samuel P. Townsend, upon a promissory note.

The complaint stated the making of the note, which was for $2,500, by the defendant, and its endorsement by the original payee to the plaintiffs.

It then proceeded to state that on October 8, 1855, the defendant was indebted to the plaintiffs for $19,659 95, on an account; that on that day he paid to the plaintiffs $21,000; that plaintiffs applied this payment, first, to the payment of the account, and the residue $1,340 05, to the note; that there remained due on the note $1,216 65, for which plaintiffs demanded judgment.

December 26, 1855, was the last of the defendant's twenty days for answering.

The defendant, seven days before the twenty-sixth, obtained, upon an affidavit which contained no oath to merits, an order that plaintiffs deliver a "bill of particulars" of the account mentioned in the complaint, within ten days; with a stay of proceedings.* The ten days expired December 28.

---

* The affidavit and order were as follows.

TITLE OF THE CAUSE:—

*City and County of New York, ss.*—Samuel P. Townsend the above named defendant being duly sworn, saith that this action is brought against deponent to recover upon a promissory note, the balance of the alleged account arising upon certain alleged promissory notes, and on account of money alleged to be paid, laid

On the 27th the plaintiffs' attorneys served the bill of particulars. And upon the next day, being of opinion that the defendant's time to answer had expired, and having been led to believe that he intended to plead usury, they entered judgment.

The defendant moved at special term to vacate this judgment. The motion was granted, upon the ground that the bill of particulars provided for by the Code was to be regarded in the same light as that which was wont to be ordered before the Code; and that the rule of the old practice giving the defendant the same time to plead after oyer furnished, or bill of particulars rendered, that he had at the time he demanded the one or obtained the order for the other, was, upon the reason of that rule, equally applicable where a bill is ordered under the Code. From the order vacating their judgment, the plaintiffs appealed.

*Benj. V. Abbott,* for appellants. The rule of the former practice now relied on is inapplicable to the present case, for two reasons :

I. That rule was never extended beyond the case of a bill of particulars of plaintiff's claim. It was expressly put on the ground of the analogy between an order for a bill, and a demand of oyer. And it was confined to the case of "oyer or some other act *in the nature of oyer.*" (Brown *v.* Tousey, 19 *Wend.*, 617, and cases cited. And see Powel *v.* Gray, 1

out, and expended by said plaintiffs for the use of this defendant, generally pleaded in said complaint.

Deponent further saith that he intends in good faith to defend this action, and that it is necessary and material that he should have rendered to him a bill of the particulars of the account out of which said supposed balance is alleged to have accrued ; and deponent cannot answer said complaint until the same shall be served on said deponent.

JURAT.                                                                    S. P. TOWNSEND.

TITLE OF THE CAUSE :—

Upon the summons and complaint in this action and the annexed affidavit, let the plaintiffs or their attorneys furnish a bill of particulars of the account mentioned and referred to in the complaint in this action within ten days from the service of this order, and in the mean time let all proceedings in this action on the part of the plaintiffs be stayed.

Dated *December* 18, 1855.

Platt *a.* Townsend.

*Str.*, 705). Here was an order for a bill of particulars of something, indeed, but it was not for particulars of the *claim.* It was an order for a *copy of an account* mentioned in the complaint. The language of the order is "a bill of the particulars of the account mentioned in the complaint." That requires no more than a copy of the account; not so much indeed, for plaintiffs might give the particulars of the account by way of abstract, but to give a copy they must set the whole out in full. But the force of the rule relied on lay in this; that the plaintiff by imperfectly setting out his *claim*, had rendered necessary an application by defendant for further information before pleading. Therefore the rule extends only to cases where the particulars of the *claim* are ordered. Now section 158 distinguishes between these two things. The court can only grant an order in the first instance for particulars of the claim.* If a copy of an account is wanted, the court can order it only after demand uncomplied with.

HOFFMAN, J.—But was it not necessary that the defendant should have information as to the details of the account in order to see whether the application of the fund paid was correct? Whether there was as large a balance yet due on the note as the complaint alleged? Then where is the objection to the order?

*Abbott.* None whatever. We do not impeach the order. We obeyed it, and now stand by it. But we contend that it ordered us to furnish a copy of an account mentioned in the complaint, and not a bill of particulars of our claim. And the defendant should not be allowed to drag it under the operation of a rule which applies only to an order of the

---

* In Depew *a.* Leal, *N. Y. Superior Ct., Sp. T., May*, 1856, which was an action brought by a partner after dissolution, against his co-partner for an accounting and judgment that either found to be indebted should pay the other, Mr. Justice Bosworth held that the court would order the defendant to be allowed to inspect the books and papers, but would not order a bill of particulars of plaintiff's claim to be furnished. Section 158 does not apply to such a case. Unless plaintiff makes a claim for moneys contributed to or paid for the firm, but not shown by the partnership books, one partner has, presumptively, as much knowledge of details as the other.

latter class. It was decided in Luck *v.* Handley, (4 *Exch. R.*, 486), that a bill of particulars cannot be ordered with respect to such matters as are not *claimed* in the declaration.

II. The order was unaccompanied by any oath to merits. Rule 20 (of 1854), provides that no order extending the time to answer shall be granted, unless the affidavit on which it is applied for shall contain an oath to merits either by the party or his adviser.

It does not answer this objection to say that the order for the bill operated to enlarge the time, not by way of adding to his original twenty days an *extension* of time, but by *suspending* the running of the original twenty days; and that the oath to merits requisite to an extension, is not essential to an order operating as a suspension. Such distinction might have been sound under the old practice. In the days when the rule relied on by the defendant was adopted, the defendant's time to plead was prescribed by rule of court and not by statute. The limit to his time was wholly the creature of the court, and the court might properly say that it should be suspended by the service of such and such an order. They had power to say that when, by defect in the plaintiff's declaration the defendant was driven to procure an order for particulars, such order should suspend the operation of the *rule to plead* which the plaintiff had entered in the cause.

But the defendant's time is no longer the creature of the court. Its limit is fixed by the legislature. The court has ample power to enlarge the defendant's time by giving him *additional days*, but this can only be done on an affidavit showing grounds therefor, (*Code*, § 405), one of which grounds must be an oath to merits. (*Rule* 20 *of* 1854). But there is no power vested in the court to *suspend* the running of defendant's original twenty days. Under the old practice there was nothing to be suspended but a *rule of court*, which doubtless might be done. Under the Code it is a *statute* which must be suspended, and this clearly cannot be done. An *extension* of time, procured by consent, or by order founded on affidavits served therewith, and containing an oath to merits, is the only way by which a defendant can now procure his time to be enlarged.

*S. Sanxay*, for respondent contended :—

I. That the rule of the old practice laid down in Mulholland *v.* Van Fine, (8 *Cow.*, 132), was still in force.

II. That the bill of particulars furnished by plaintiffs was so insufficient as to amount to a substantial non-compliance with the order, so that the stay of proceedings must be considered as still in force when the judgment was entered.

BY THE COURT, SLOSSON, J.—The ground upon which the order vacating the judgment in this case is appealed from, is that an order for a bill of particulars with stay of proceedings no longer operates of itself to enlarge the time to plead, inasmuch as the time is now determined by statute, and can only be enlarged by an order of the court applied for on an affidavit of merits, pursuant to the rules and practice of the court.

The Code expressly provides (§ 143) that the answer must be served within twenty days after the service of the complaint. The only power which the court has to enlarge this time is that given by section 405 of the Code, which provides that the time within which any proceeding in an action may be had except an appeal, may be enlarged upon an affidavit showing grounds therefor, by a judge of the court, &c. Such affidavit must also be served with the order. Rule 20 of the Supreme Court rules, (adopted 1854), by which also the practice of this court is regulated, provides that no order extending the time to answer or demur to a complaint shall be granted, unless the party applying for it shall present an affidavit of merits as therein prescribed

We have considered the matter, and all the justices of the court, including the one granting the order appealed from, are of opinion that an order for a bill of particulars though accompanied by a stay of the adverse party's proceedings, does not since the Code, operate to enlarge the time to answer; but that the only way in which an extension of time can be procured is by an express order to that effect, founded upon an affidavit of merits as provided by the rule*. Where the

---

* In Thorpe *a.* Baulch, *N. Y. Common Pleas, Sp. T. May*, 1856, defendant, before expiration of his twenty days, obtained an order that plaintiff file security for costs, and meantime staying his proceedings. The case was decided on another point;

defendant procures an order for a bill of particulars, a clause extending his time to answer should, if he deems such extension necessary, be inserted in the order for the bill. If the bar understand this, it can work no hardship. But the other construction if sustained might very often lead to unjust delay, as the defendant by procuring an order for particulars with a stay of proceedings which is granted almost as a matter of course, might, though he had no merits, delay the plaintiff and often, by delay, in effect defeat the satisfaction of his claim.

The order appealed from is reversed. The defendant may apply to the court for leave to answer on the merits, and meantime plaintiff's proceedings should be stayed.

---

but one question was whether this order operated to enlarge the time. Brady, J., intimated an opinion that it did. His language is, " The effect of the order to file security is a suspension of the time to answer, and the defendant has the same period to answer after the order is complied with, as when it was served. The plaintiff was equally bound to file security, when the action was commenced; and there is no propriety in saying that the defendant, when he asks a protection required by the statute, must seek also further protection against an advantage which the plaintiff by his laches might acquire.