## WHITE *a.* KLINKEN.

*Supreme Court, First District; General Term, May,* 1863.

STAY OF PROCEEDINGS.—NOTICE OF ENTRY OF JUDGMENT.—TIME
TO APPEAL.

After plaintiff's proceedings have been stayed, except that leave is reserved to
him to enter judgment, a notice of the entry of judgment served by him is in
violation of the stay, and is a nullity, and will not limit the time within which
an appeal may be taken.*

---

* In the case of WHITE *a.* SMITH (*Supreme Court, First District; at Chambers, Decem-
ber,* 1862), it was *Held,* that a stay of proceedings does not operate as an extension
of the time to answer ; and that an application to be let in to defend the merits
cannot be entertained on the application of plaintiff for the relief demanded after
failure to answer.

Application for judgment on failure to answer.

This action was brought by Lewis White against Milton G. Smith and another.
The summons was for relief. The summons and complaint were served on the
defendants on the 23d of August, 1862. The plaintiff was a non-resident. On
the 30th of August an order was made that plaintiff file security for costs. Such
security was given on the 19th of September. The defendants excepted, and the
sureties justified on the 18th October. On the 22d October defendants served
their answer, which the plaintiff returned. No order extending time to answer
had been made, unless the stay of proceedings accompanying the order to file
security effected such extension. The plaintiff now applied, on notice of eight
days, for the relief demanded in the complaint.

*Jonathan S. Slauson,* for the plaintiff.—I. The stay of proceedings until security
is filed does not extend the time to answer. (14 *How. Pr.,* 314 ; 3 *Abbotts' Pr.,*
8 ; *Supreme Ct., Rule* 22 ; contra, 3 *Abbotts' Pr.,* 9.)

II. No proof, except that of personal service of summons and complaint on all
the parties, is necessary. (Scott *a.* Pinkerton, 3 *Edw.,* 70 ; 1 *Van Santv. Eq. Pr.,*
126 ; 2 *Ib.,* 189.)

*David Williams,* for the defendant.

BARNARD, J.—An order requiring plaintiff to file security for costs, and staying
his proceedings until the security shall be filed and the sureties justify, does not
operate as an extension of time to answer.

An application to be let in to defend on the merits, cannot be entertained on
this motion.

This motion must be granted, and defendant left to move to be allowed to come
in and defend on the merits.

Motion granted with $10 costs, without prejudice to a motion by defendant to
be allowed to come in and defend on the merits.

Motion to dismiss an appeal.

This was an action for slander, brought by David White against Tempke H. Klinken. At the trial, the jury found a verdict for plaintiff for fifty dollars. The court allowed the defendant thirty days to make a case, and ordered that all plaintiff's proceedings be stayed in the mean time, except that he be at liberty to enter judgment. Judgment was entered February 5, 1863, and on the following day the plaintiff served notice of the entry of judgment. The defendant served notice of appeal on March 9th. Plaintiff now moved to dismiss the appeal, as not taken within thirty days.

*Gideon L. Walker*, for the motion.

*Nelson Smith*, opposed.—Inasmuch as plaintiff's proceedings, except to enter judgment, were stayed, the notice of entry of judgment was a nullity, and did not limit the time to appeal.

[CLERKE, J.—But is a notice of judgment a proceeding in the action?]

It certainly is, and a very important one too, as it limits the time within which to bring an appeal.

BY THE COURT.*—SUTHERLAND, P. J. (orally).—We are all of opinion that the order staying the plaintiff's proceedings prevented the giving notice of the judgment, and that such notice was a nullity. The defendant's time to appeal has not been limited, and the motion to dismiss must be denied, but without costs.

---

* Present, SUTHERLAND, P. J., BARNARD and CLERKE, JJ.