J. F. Daly, J.
Upon examination of the cases I am inclined to think that no extension of defendant’s time to answer, no matter for what purpose nor in what connection it may be granted, can be had without an affidavit of merits. In this case the defendant obtained an order that the non-resident plaintiffs file security for costs, and that defendant have twenty days additional to answer. It seems reasonable enough that as defendant has the right to require security for costs, that he should not be put to the expense of serving an answer until such security is filed ; and therefore, his time to answer should extend a reasonable time beyond the filing of security as a matter of course; but the rule is imperative and has no exceptions, as to the necessity for an affidavit of merits before any order extending the time to answer can be granted.
The case of Thorpe v. Baulch (3 Abb. Pr., 13, note), can not be followed in view of the later express authorities on this point (White v. Smith, 16 Abb. Pr., 109), *431 and is contrary to the practice in this court (McGown v. Leavenworth, 2 E. D. Smith, 24). The object of the rule seems to be to prevent a defendant who has not a defense on the merits, obtaining any delay, even as an incident to the enjoyment of any other rights he may have (Platt v. Townsend, 3 Abb. Pr., 9, 13, 14).
That part of the order extending defendant’s time to answer must be vacated.