Devlin agt. Mayor.

# N. Y. COMMON PLEAS.

CHARLES DEVLIN agt. THE MAYOR, &c., and others.

*Reference — action upon contract involving long account — fraud set up in amended answer.*

In a common-law action the plaintiff is entitled, under the Code, to a reference if the action be one involving the examination of a long account.

Where, as in this case, the action being upon a contract with the city, and being one involving the examination of a long account, was by the order of the court, referred, and the case tried by a referee. On the trial the answer was amended by inserting an allegation of *fraud* in obtaining the contract sued upon, the allegation being fully tried, and the referee not finding that the contract was procured by fraud, and not being requested by the defendants to find any such fact:

*Held,* that under the circumstances, this is essentially a case for a reference, a reference being the only mode in which the whole matters involved can be intelligently and accurately passed upon.

*Held,* also, that the court could not separate the issue of fraud so as to have that tried in the first instance as a separate issue, and if that was found in favor of the plaintiff, then to order a reference for the purpose of ascertaining the amount that he is entitled to.

This might be done in an equitable action, but cannot in a common-law action, as the plaintiff in the latter case has the right, under the Code, to a reference if the examination of a long account is involved. The action being one on contract, it is a proper one for a referee, and as it involves a long account its referable character cannot be changed by an amended answer setting up fraud.

*General Term, April,* 1877.

ON May 29, 1865, an order of reference in this case was made by judge CARDOZO, at special term.

The defendants appealed to the general term, and the order was affirmed July 18, 1866, and the case tried by the referee. On the trial the answer was amended by inserting an allega-

tion of fraud, in obtaining the contract sued upon. The allegation was fully tried. Every city officer connected with the award of the contract was examined, and the allegation of fraud was openly abandoned in court on the trial, and the referee was not even asked to find upon the question. The referee found for the plaintiff and the company, respondents; the city appealed, and the general term reversed the judgment, and ordered judgment absolute for the city. On appeal, the court of appeals reversed the judgment of this court, decided all the questions of law against the city, and granted a new trial on the ground of the admission of improper evidence on the question of damages. In the opinion the court say that the plaintiff is entitled to recover certain sums unpaid on the contract. The city noticed the case for trial at the trial term, and moved the court at special term for an order restoring the case to the general calendar. On the argument of this motion, the referable nature of the case was the sole question presented. Judge VAN BRUNT denied the motion. The city appealed, and the general term reversed the order on the ground that the reversal of the judgment vacated the order of reference, and ordered that the case be " placed on the general calendar for trial, without prejudice to any motion to be made by plaintiff for a reference." From this order the plaintiff appealed to the court of appeals, where the appeal was dismissed, the court holding that, as the general term had given the plaintiff leave to move for a new reference, it was not a final order. The court also held that the *grounds* stated by the general term, for restoring the action to the general calendar, were not well taken, and held that the reversal of the judgment in no way interfered with or vacated the original order of reference; that the order of reference was not before either court on review, and remained a part of the case in the court below. The plaintiff then moved, under the order of the general term, for a reference, and after argument before judge VAN BRUNT, it was granted, he writing the following opinion:

VAN BRUNT, J. — A careful examination of the testimony offered upon the previous trial seems to me to lead to the conclusion irresistibly that any verdict which a jury could render in this case would be the merest guess-work. The mass of figures is so great and so varied, and the evidence in reference thereto is so voluminous that no person could pos· sibly remember sufficient of the testimony to deduce there-from an intelligent result.

Under the circumstances, I think that it is the duty of the court to send this cause before a referee for trial unless there are circumstances peculiar to this case which would make such an exercise of discretion improper.

It is claimed upon the part of the defendant, The Mayor, &c., that such circumstances do exist. That there is an allegation in the answer that the contract was obtained by fraud, and that because of this allegation a jury should be had. An examination of the testimony taken upon this issue shows that it is extremely doubtful that evidence sufficient to establish the fraud claimed was offered at the previous trial, and it is not pretended that any additional can be produced in respect to this issue. Under these circumstances I think that it would be a denial of justice to refuse to the plaintiff a form of trial which will insure him, in case he should show himself entitled to recover an intelligent assessment of his damages based upon the evidence, by compelling him to accept a form of trial wherein he would be obliged to accept a result reached, not upon a deliberate consideration of the evidence, but based upon a guess as to what amount of damages he has sustained.

I think, therefore, that the motion for a reference should be granted.

From this order granting the reference the city appeals.

*Wm. C. Whitney,* corporation counsel.

I. A long and consistent current of decision in this state sustains the proposition that a compulsory reference cannot

Devlin agt. Mayor.

be ordered where there are other issues properly triable by a jury in addition to the long account (*Graham* agt. *Golding*, 7 *How.*, 260 ; *Cameron* agt. *Freeman*, 18 *id.*, 310), and more especially where an issue of fraud is presented. In a case involving such serious charges (fraudulently causing a conflagration and fraudulently overestimating the amount of cost) as were here brought against the plaintiff, a party is entitled to the benefit of a trial before a court and jury (*Levy* agt. *Brooklyn Fire Insurance Company*, 25 *Wend.*, 627; *Freeman* agt. *Atlantic Mutual Fire Insurance Company*, 13 *Abbott*, 124). "It would be unjust and impolitic that the mere necessity of taking an account should drag with it for trial before a referee all other matters in the action which may infinitely more require the vigilance, discretion and experience of the court than merely taking an account. The Code, * * * , section 271, subdivision 1 and 2, * * * not only authorized but required that neither party should be deprived of the benefit of a trial before a court or a jury as to matters not involved in the account. In this case it is evident that the charges of fraud should not be tried by a referee. It (the granting of the order of reference) was not a matter, therefore, of discretion with the court " (*By* ROB-ERTSON, *C. J.*, *Wheeler* agt. *Falconer*, 7 *Robertson*, 45). Even in those cases which do not go to the extent restricting the court's power to refer, the exercise of great caution in doing so is insisted upon (*Whittaker* agt. *De Fosse*, 7 *Bosworth*, 681). For other cases on this point see *Townsend* agt. *Hendricks* (40 *How.*, 143) and the cases cited on argument of *Welsh* agt. *Darragh* (52 *N. Y.*, 590).

II. The latest decision of the court of appeals only holds that the granting of a reference is a matter of discretion ; that this discretion rests with the court below, and that an order of reference is not appealable to the court of appeals (*Welsh* agt. *Darragh*, 52 *N. Y.*, 590). The Code (*sec.* 271) says that a reference may be ordered by the court, not that it must be ordered. In exercising its discretion under this power the

Devlin agt. Mayor.

court will be guided by the well-settled and equitable rule set out in the first point that in cases of fraud the party alleging its existence should not be deprived of his right to trial by jury.

III. The question presented to this general term is, for the first time, fairly before the tribunal in whose discretion the granting or witholding of the order rests. When application was originally made for an order of reference the answer presented no issue of fraud. No opposing affidavits were presented by the defendants on hearing of that motion. The allegations of fraud spoken of in plaintiff's points were mere vague assertions of counsel. No court would strain the exercise of its discretion so far as to refuse to refer a referable case because of any such loose assertions. See opinion of judge CARDOZO in granting a stay pending the former appeal as follows : " But the conclusive answer to the suggestions in the affidavit is that there is no question of fraud to be tried in the action. No such issue is in the case. The answer of the corporation admits the making of the contract, and does not charge any fraud whatever. It was improper, therefore, to introduce into the affidavit read on this application any mention of the alleged frauds connected with the Hackley contract. I make these remarks because my silence might seem to commend a practice which, I think, cannot but be greatly censured of attempting to prejudice a case by the statement of immaterial and irrelevant matter." The former motion for reference was fought mainly on the ground that difficult questions of law were involved in the case. When this matter was before the general term, in 1866, it was believed that the discretionary power of the court had been fully executed ; that they could not review the decision of the judge at special term, except so far as to decide whether or not he had a right to make this decision. " If an action is not, in its nature, referable as in actions for defamation or in assault and battery, an appeal will lie from an order of reference ; but if the action is of the class in which references are

allowable, and there was any evidence before the judge that it require the examination of a long account, an appellate court will not review his determination upon that point, but will regard it as conclusive and final " (C. P. DALY, *F. J.*, *in Devlin* agt. *The Mayor, unreported, but cited in Turner* agt. *Taylor*, 2 *Daly*, 287). This rule has since been modified by the court of appeals (*Matter of Duff*, 10 *Abb.* [*N. S.*], 423), and it may now be regarded as settled that the "discretion of the court" meant by the Code is the discretion of the whole court, both at special and general term. Since this question was last before the general term the pleadings have been amended so as to present an entirely new issue. A decision upon the case as presented by the old issue, supplemented by the loose assertions of counsel, cannot be regarded as *res adjudicata* to defeat defendant's right to claim the exercise of the discretion of this court upon a case including new and different issues. The question before the court to-day is this : " Should the discretionary power of the court be exercised in directing or refusing a reference of the whole issues ? "

*J. J. Marrin*, counsel for plaintiff.

*T. C. Cronin*, counsel for Donaldson.

I. The case is a proper one for a reference, and judge VAN BRUNT's discretion in granting the order was properly exercised, and will not be reversed (*Thompson* agt. *Limer*, 40 *How.*, 246). 1. This court at special term so held, and the general term affirmed the order in 1866. 2. This motion is made on all the papers in the case. On the argument of the appeal, from the order denying the motion to restore the case to the general calendar, the parties stipulated that " it is not disputed that the complaint sets out a case involving the examination of a long account." 3. From the moving papers, it is clear, and will not be denied, that the case is a proper one for a reference, and can only be tried by a referee. This

has been so often held in this court in this case, and twice by the general term, that it is deemed superfluous to enlarge upon this question now. Has any change taken place of practice or law to disturb this conceded situation?

II. The city states that amending the answer on the trial changed the issues, though they exhausted them before the referee. 1. It is submitted that this view is wholly erroneous. The answer was amended on the trial, and the issue tried and exhausted by the examination of all the city officials, and abandoned. When speaking of this issue, judge ALLEN says, in his opinion in 63 *New York*, 13 : " The referee has not found that the contract was procured by bribery or fraud, or any fact set up by the respondents as an affirmative defense to the action, and was not requested by the respondents to find any such fact." Nothing can be more clear than this. The city set up the fraud, tried it, abandoned it unconditionally, and have not claimed or pretended, on this motion before judge VAN BRUNT, that they can change the issue by another trial, or have any new evidence or any new view to present of this exploded defense (*See opinion of judge* VAN BRUNT).

III. The action being one on contract, and by admission of all interested, it involves a long account, its referable character cannot be changed by the amended answer. This is the express doctrine of *Welsh* agt. *Darragh* (52 *N. Y.*, 590). 1. All the cases cited by the counsel for the city were decided before *Welsh* agt. *Darragh*, and all of them are commented on by the court in *Welsh* agt. *Darragh*, and held not to interfere with the order of reference in this case (*Patterson* agt. *Stettaner*, 39 *Jones and Spencer*, 413 ; *Maryatt* agt. *Thayer*, 39 *id.*, 417, *holding the same doctrine*). The claim that the amended answer now requires a jury trial, or gives the city any peculiar rights after a fair trial on the issue before a referee, and its utter abandonment, seem quite unreasonable, if not unfair.

IV. The cases cited by the city are all and every one of them on the subject of a reference as to the answer of fraud,

Devlin agt. Mayor.

and are reviewed and merged in the doctrine of *Welsh* agt. *Darragh*. 1. The precise question, in its most broad character, and in every aspect of it, was involved in the case of *Kingsley* agt. *City of Brooklyn* (1 *Abbott's New Cases*, 109).

V. The appeal is without any merit; a full and complete examination of the issue, its open abandonment, the failure to suggest any other or further evidence on the question, is not all. It is not even claimed that any person who is a party to this action was in any manner connected with the alleged fraud, or had any knowledge of it; while it appears from the pleadings that the present owners of the contract became such *bona fide* years after the execution of the same, and that the city continued to perform the contract, and pay all of the installments under it, for most three years after they had knowledge of the alleged fraudulent acts of its own sworn officers. The defense is one of the most groundless and ungracious ever presented in an answer to prevent a reference to an honest man and good lawyer as referee, and of hundreds of items of accounts for examination and days of labor, and cloud of witnesses for fact. The order should be affirmed.

DALY, *C. J.*— It may be very desirable, so far as questions of fraud are concerned, that this action should be tried by a jury, but the difficulty is, as the court has suggested below, that there is also involved in this case an amount of detail in respect to the items of the plaintiff's claim, which it would be impossible for any jury to keep in their mind, with the evidence bearing upon each particular item. This is essentially a case for a reference, a reference being the only mode in which the matters involved in such a case can be intelligently and accurately passed upon. I should certainly be in favor of having this case tried by a jury if I thought that they could intelligently pass upon the whole case, and I do not see that we can separate the issue of fraud so as to have that tried in the first instance as a separate issue, and if that is found in favor of the plaintiff, then to order a reference for the purpose

of ascertaining the amount that he is entitled to recover. This may be done in equitable actions, but this is not an action of that nature, but a common-law action, in which the plaintiff is entitled under the Code to a reference, if it involves the examination of a long account, and that it does is beyond dispute.

The testimony which has been already before us, embraces seven large printed volumes, the great bulk of the evidence in which relates directly to a mass of items involving the plaintiffs' claim under a contract of a very extensive nature. I think, therefore, that the order below should be affirmed.