CHARLES DEVLIN, Respondent, *against* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK, Ap-
pellants, AND SAMUEL DONALDSON, *et al.*, Respondents.

(Decided June 7th, 1880.)

After the date of an order in an action vacating a stay of the prosecution
of the action, but before entry of the order or service of a copy of it on
the defendants, the plaintiff, upon an order to show cause, applied for
and obtained an order for the appointment of a referee, in the place of a
deceased referee, to hear and determine the issues in the action. *Held*,
that the order was irregularly made, and the irregularity was not cured
by re-entering the order after the vacating of the stay, as the order to show
cause upon which it was founded, and the motion itself, were made
while the stay was in operation.

The original order of reference having been affirmed upon appeal by the
general term, a motion at special term to vacate the order appointing a
new referee, on the ground that the cause was not referable, was prop-
erly denied.

ON the 17th of November, 1878, an order was made in this
action whereby the plaintiff and defendants other than the
Mayor of the City of New York were ordered to refrain from
the further prosecution of this action until the assignees in
bankruptcy of the plaintiff, Charles Devlin, should be brought
before the court and made a party to the action. On the 24th
October, 1879, upon an order to show cause, a motion was
made for the appointment of a referee in the place and stead of
William Bloomfield, deceased, and on the 31st of October,
upon said motion, an order was made whereby Homer A. Nel-
son, counselor at law, was appointed sole referee in the place
and stead of William Bloomfield, deceased, to hear, try and
determine all the issues in the action and report thereon with
all convenient speed according to the order therein. Upon
the 11th of November, 1879, an order was entered bearing
date upon the 10th of October, 1879, whereby it was ordered
that the stay of proceedings granted in this action by the
order of November 17th, 1878, be vacated. On the 21st of

February, 1880, an order was signed and entered bearing date on the 31st day of October, 1879, and reciting that it was made upon the return of the order to show cause hereinbefore mentioned to the same effect as the order hereinbefore mentioned, bearing date the 31st day of October, 1879. An appeal from the said last mentioned order was duly taken by the defendants, the Mayor, &c.; they also appealed from an order denying a motion by them to vacate the order of October 31st, 1879, made at special term, on the ground that the action was not referable.

*William O. Bartlett*, for appellants.

*Albert Cardozo*, for respondent.

APPEAL from the orders appointing a new referee.

VAN BRUNT, J.—[After stating the facts as above.]—It appears from the record submitted upon this appeal that, at the time of the granting of the order to show cause, and of the hearing of the motion thereon, the stay of proceedings contained in the order of November 17, 1878, was in full force and effect as far as the defendants to this action were concerned. It is true that the record contains an order vacating this stay, bearing date the 10th of October, 1879, but it appears that such order was never entered so as to become an order of the court prior to the 11th of November, 1879; neither was any copy of it ever served upon the defendants appellant. As far as they were concerned, therefore, the stay still continued, and the court had no power to entertain any motion or application upon the part of the plaintiff.

The court could not disregard this stay and treat it as a nullity before it had been revoked. The plaintiff was bound to respect the same as long as it was in force. (*Duncan* v. *Sun Fire Ins. Co.*, 2 Wend. 625; *Mallory* v. *East River Ins. Co.*, 7 Hill, 193; *Starr* v. *Francis*, 22 Wend. 634). This objection is not cured by the fact that the order appealed from was not signed until after the vacation of the stay. The order to show

cause, which was the foundation of the motion, and the motion itself, was made at a time when the stay was in operation—entirely unrevoked. Under these circumstances the order appealed from was irregularly made, and must be reversed with costs and disbursements of the appeal.

J. F. DALY, J., concurred.

Order reversed, with costs.

APPEAL from the order denying a motion to vacate the order appointing a new referee.

VAN BRUNT, J.—This is an appeal from an order of Mr. Justice LARREMORE, dated on the 20th of April, 1880, denying a motion to set aside an order of reference made in this action on the 31st of October, 1879. The grounds upon which said motion was based were that certain statements had been made upon the opening of the case before the referee, that the trial of the case would not involve any great amount of testimony upon the part of the plaintiff. The original order of reference in this action having been sustained upon an appeal to the general term in *Devlin* v. *Mayor, &c.* (54 How. Pr. 50), it is difficult to see where the judge at special term could acquire the authority to vacate the order of reference so affirmed. He was undoubtedly bound in his decision by the previous adjudication of the general term in this case that it was a proper action to refer. He had no right to review such adjudication of the general term, and was bound to follow the decision so made. The order, therefore, denying the application was entirely proper, and must be affirmed, with costs and disbursements.

J. F. DALY, J., concurred.

Order affirmed, with costs.