### KERNER *v.* STECK.

*(Superior Court of Buffalo, General Term.* March 24, 1890.)

APPEAL—STAY OF PROCEEDINGS.

 Where proceedings have been stayed for 60 days after entry of a judgment to enable defendant to make a case on appeal, a service of notice of entry of judgment within the time limited by the stay is a proceeding in the action in violation of the stay, and does not limit the time for appeal. It is proper to set aside the notice, though due service thereof has been admitted.

Appeal from special term.

Action by Barbara M. Kerner against John Steck. Plaintiff appeals from an order denying her motion to set aside a notice of appeal served by defendant.

Argued before BECKWITH, C. J., and TITUS, J.

*Simon Fleischman,* for appellant. *Armstrong & Duckwith,* for respondent.

TITUS, J. The plaintiff at a trial term recovered a verdict for $850, and the defendant made a motion on the minutes of the judge for a new trial, which was denied. Thereupon all proceedings on the part of the plaintiff were stayed 60 days after the entry of the judgment to enable the defendant to make a case and exceptions on appeal. The plaintiff entered a judgment,

and served a notice of such entry on the defendant's attorneys, who gave an admission of due and personal service of such judgment. Within the time limited by the order staying proceedings, the defendant served a notice of appeal; and the plaintiff moved to set it aside on the ground that the 30 days allowed to take an appeal after the notice of the entry of judgment had expired. The special term denied the motion, from which order the plaintiff appealed.

It is claimed that the stay ordered by the trial court did not affect the plaintiff's right to serve a notice of the entry of judgment, and that the service of such notice was not a proceeding in the action, but notice of the procedure. We cannot agree with the learned counsel in this view of the law. The notice had the effect of limiting the defendant's time to appeal, as one of the steps provided by the Code to be taken in an action. Section 1351. The supreme court, in *White* v. *Klinken,* 16 Abb. Pr. 109, decided the precise question involved here, and held that, after the plaintiff had been stayed, that the entry of judgment, and notice of the entry of judgment, in violation of the order staying all proceedings, was a nullity, and did not limit the defendant's time to appeal, and that such a notice was a proceeding in the action. The special term, in the order appealed from, on motion of the defendant, set aside the notice of entry of judgment, and declared the same null and void. This notice of the entry of judgment was made in violation of the order staying proceedings, and we think the court properly set it aside. *Bagley* v. *Smith,* 2 Sandf. 651. In setting aside the notice, necessarily the admission of service of judgment and notice of entry was set aside. This is a case where the court could properly grant the defendant relief against an inadvertent admission of due personal service of the notice, and order the parties to the position they occupied before such notice and admission were given. The order appealed from should be affirmed, with $10 costs and disbursements.