TROY CARRIAGE WORKS v. MUXLOW.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

1. REPLEVIN BOND—JUSTIFICATION OF SURETIES—ADJOURNMENT.
    Code Civ. Proc. §§ 580, 1705, providing that the judge may, in his discretion, adjourn from day to day proceedings for justification of sureties on replevin bonds, but that the adjournment must always be to the next judicial day, unless by consent of the parties, are directory; and it is within the discretion of the court, where one party refuses to consent to an adjournment of proceedings for justification of the other's sureties, to adjourn for a reasonable length of time beyond the next judicial day.

2. SAME—STAY OF PROCEEDINGS—APPROVAL OF BOND.
    Pending a stay of proceedings for justification of sureties on a counter bond in replevin, an approval of the counter bond is a nullity.

8. SAME—SUBSEQUENT ORDER FOR JUSTIFICATION.
    Where plaintiff in replevin, pending adjournment of proceedings for justification of sureties on a counter bond, obtained a stay of the proceedings till his motion for a redelivery of the property to him because defendant's sureties had failed to justify, as required by law, was determined, the court properly, on denial of plaintiff's motion, required defendants' sureties to appear for justification on demand therefor, and service of two days' notice by plaintiff's attorneys.

Appeal from city court of New York, general term.

Replevin by the Troy Carriage Works against Herbert H. Muxlow. From an order of the general term of the city court (37 N. Y. Supp. 1023), affirming an order of the special term denying plaintiff's motion for an order directing the sheriff to deliver to plaintiff the chattel replevied, because defendant's sureties on his bond, given under Code Civ. Proc. § 1704, to reclaim the chattel, had not justified as required by law, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thomson & Allen, for appellant.
W. H. Newman, for respondent.

McADAM, J. The action was in replevin, and the defendant gave an undertaking, commonly called a "counter bond," to retain the property, and served upon the plaintiff's attorney the notice of the

justification of sureties, required by section 1704 of the Code. On October 26, 1895, the time appointed for justification, the parties attended, and the matter was adjourned to October 29th. On the adjourned day one of the two sureties appeared. The plaintiff's attorney examined him, and his justification was further adjourned to November 7th. On the last-mentioned date the parties again appeared, and the defendant moved for a further adjournment. The plaintiff opposed the application, but an adjournment was nevertheless directed by the court to November 9th. On November 8th the plaintiff obtained an order to show cause, returnable November 12th, why an order should not be made to the effect that the sureties had failed to justify, as required by law, and that the sheriff be directed to deliver the property replevied to the plaintiff. The order contained a stay of the defendant's proceedings in the meantime. The defendant appeared on November 9th, pursuant to the adjournment, presented a new undertaking, with a new surety, in addition to the one who originally appeared for examination, and, on the plaintiff's failure to appear, this undertaking was approved. On November 18, 1895, the plaintiff's motion was heard and denied, but the sureties were required to appear for justification on two days' notice, after service of a demand for justification by the plaintiff's attorneys. The plaintiff appealed from this order, and from its affirmance at general term the present appeal is taken.

It is claimed by the plaintiff that the defendant's practice was irregular, and that it became entitled to the relief applied for, because the adjournment of the justification from November 7th to November 9th, without its consent, was unauthorized, as the power of the court to adjourn was by law limited to the next judicial day. Section 1705 of the Code, in regard to the justification of sureties in an action to recover a chattel, prescribes that—

"The provisions regulating the justification of bail contained in article third of title first of chapter seventh of this act, govern except as otherwise expressly prescribed in this article, with respect to the notice of justification of the sureties; the officer before whom they must justify; the substitution of new sureties or a new undertaking; the examination and qualifications of the sureties, and the allowance of the undertaking," etc.

The effect of this provision is to make sections 578 and 580 applicable. Section 578 provides for notice for justification of the same or other bail, and, if other bail be given, a new undertaking must be executed. Section 580 prescribes that—

"For the purpose of justification, each of the bail must attend before the judge, at the time and place mentioned in the notice, and be examined on oath, on the part of the plaintiff, touching his sufficiency, in such manner as the judge in his discretion thinks proper. *The judge may, in his discretion, adjourn the examination from day to day, until it is completed; but such an adjournment must always be to the next judicial day, unless by consent of parties,*" etc.

This section is substantially section 195 of the former Code, with the words italicized added. Under the part which is new, the plaintiff claims the power to adjourn is limited. The provision was evidently added more for the convenience of sureties, and the protection of the defendant, than for the benefit of plaintiff. It is di-

rectory, not mandatory, and does not render a reasonable adjournment illegal, to the extent of impairing the proceedings. 23 Am. & Eng. Enc. Law, 458; End. Interp. St. § 436; Sedg. St. Law (2d Ed. by Pomeroy) p. 316. The court, in the exercise of its discretion, had the power to grant the adjournment, and, but for the stay, the approval of the undertaking on November 9th would have been sufficient to satisfy the statutory requirements. The provision, being remedial, is not to be strictly construed. Code, § 3345. The Code contains general provisions for enlarging the time within which proceedings in an action are to be taken (section 781. See, also, Martine v. Lowenstein, 68 N. Y. 456); and for relieving from the consequences of omissions to comply within the time prescribed (sections 721, 783). These provisions show that, where time is not of the essence of the proceeding, the tendency is to extend it, and relieve from past omissions in respect thereto. The provision made especially applicable to this class of cases is that relating to the justification of bail on arrest, and it would seem extraordinary if persons temporarily discharged on bail should have their sureties rejected in every case where they could not (perhaps by circumstances beyond their control) attend on the day appointed for the justification, or on the day following; yet, in the case of an unyielding creditor, this result, with incarceration of the defendant, might follow, and the court would be powerless to prevent it, if the plaintiff's contention is to prevail. The former practice permitted further time to defendants in such cases upon cause shown. 1 Wait, Prac. 684; Burns v. Robbins, 1 Code R. 62; West's Bail, 1 Chit. 292; Hamilton v. Dainsford, 2 Chit. 82.

In view of the prevailing and growing sentiment in favor of personal liberty, it cannot be inferred that the legislature intended, by adding the provision limiting an adjournment to the next judicial day, to deprive persons whose liberty was at stake of privileges they had previously enjoyed. It should rather be presumed that the addition was made for their protection, to prevent pursuing creditors from obtaining long adjournments, for purposes of oppression. To administer the act intelligently, a reasonable discretion must be exercised. See 1 Enc. Pl. & Prac. 238; Ex parte Rutter, 3 Hill, 464. If section 580 is to receive a liberal construction, to prevent oppression in arrest cases, it cannot be materially changed in other proceedings to which it applies; for uniformity of interpretation, not diversity, is the guiding precept of the law.

The effect of the stay procured by the plaintiff was to suspend proceedings on the justification until after its motion was decided, taking away no right already acquired, and avoiding no act already done. 2 Till. & S. Prac. 905. It merely postponed the justification until the entry of the order on the decision. 23 Am. & Eng. Enc. Law, 548.

The defendant claims that the counter bond was legally approved on November 9th, because he had at that time no personal notice of the stay. The affidavit of his attorney shows that the order containing the stay must have been served at his office on Friday after-

noon, November 8th, after 4 p. m., although he did not receive it until late the following day; hence his want of knowledge thereof at the time the undertaking was approved. The service made was sufficient (Code, § 797) to charge the attorney with notice of the order and the stay, and what he did thereafter in violation thereof was irregular. An attorney cannot, by absenting himself from his office, no matter for what cause, relieve himself or his client from the effect of the service of papers legally made. The approval of the counter bond, in violation of the stay, was a nullity (Duncan v. Insurance Co., 2 Wend. 625; Starr v. Francis, 22 Wend. 633; Mallory v. Insurance Co., 7 Hill, 192; White v. Klinken, 16 Abb. Prac. 109; Devlin v. Mayor, etc., 9 Daly, 331; Bank v. Kimball, 20 Abb. N. C. 290), and was so regarded by the court upon the decision of the motion; for the court inserted a provision requiring the sureties to attend for justification on two days' notice from the plaintiff's attorney. The plaintiff having, by his motion and the stay contained in the order, prevented the justification of the sureties on November 9th, and suspended such examination until the decision of the motion, the court properly fixed a method by which the justification might be resumed at the pleasure of the plaintiff, to be expressed in a two-days notice, and permitted a new undertaking to be given, as provided by section 580, supra.

The question, therefore, resolves itself into one of practice in the court below. No substantial right was denied, and we cannot review what seems to have been nothing more than the lawful exercise of a legal discretion. Soule v. Veyrac, 13 Misc. Rep. 168, 34 N. Y. Supp. 112; French Co. v. Marx, 10 Misc. Rep. 384, 31 N. Y. Supp. 122.

The order appealed from must be affirmed, with costs. All concur.