(57 Misc. Rep. 156.)

GERSMAN v. LEVY et al.

(City Court of New York, Special Term. December, 1907.)

1. APPEAL—TIME OF TAKING—PROCEEDING—NOTICE OF JUDGMENT.

A notice of entry of judgment is not a nullity on account of the misspelling of plaintiff's name by adding an additional "n" to the surname.

2. SAME.

A notice of entry of judgment is not a nullity because a part of the notice is printed and a part written.

3. SAME.

A notice of entry of judgment, served by plaintiff in violation of a stay of proceedings, will not limit the time for appeal.

J. C. Weil and Levi & Newhouse, for the motion.

Katz & Sommerich, opposed.

GREEN, J. I am of the opinion that the objection made by the defendant that the notice of the entry of the judgment is a nullity on account of the misspelling of the name by adding an "n" to the surname is not good. "Gersman," spelled "Gersmann," sounds the same and cannot be said to mislead. It is a case of idem sonans. It sounds alike, and that has been held sufficient. People ex rel. Kenyon v. Sutherland, 81 N. Y. 12.

The second objection, that the notice of the entry of judgment is insufficient, is likewise untenable, and the fact that part of the notice is printed and part written is not in contravention of the Code, and has been repeatedly held good.

The third objection, however, that plaintiff entered judgment and served notice of entry, which set in motion and operation the limitation of the time to appeal, is, however, serious, on account of the stay of proceedings which was granted by the trial justice. I am of the opinion that by thus proceeding the plaintiff violated the stay, and that he had no right to enter judgment, nor serve notice of entry thereof.

The motion to compel acceptance of the notice of appeal is therefore granted, upon the authority of Kerner v. Steck (Super. Buff.) 9 N. Y. Supp. 303, and White v. Klinken, 16 Abb. Prac. 109.

Motion granted.